UNITED STATES *v.* McCONNAUGHEY & Co. (INC.) (No. 2525) [1]

1. REAPPRAISEMENT JUDICIAL.

Under the Tariff Act of 1922, the proceedings before the general appraiser in an appraisement appeal are judicial. He has no inquisitorial powers, but must confine himself to consideration of such evidence as is introduced by the parties under the legal rules of evidence, so far as modified by section 501, Tariff Act of 1922. For failing or refusing to consider proper evidence, or for refusing to exclude improper evidence, his findings may be reversed by the Board of General Appraisers.

2. SAMPLES IN REAPPRAISEMENT—NOT JURISDICTIONAL.

Properly safeguarded, samples are proper evidence in reappraisement trials, just as in any other judicial proceeding; but, under the Tariff Act of 1922, they are not necessary to the validity of the proceedings.

United States Court of Customs Appeals, May 25, 1925

APPEAL from Board of United States General Appraisers, G. A. 8918 (T. D. 40625)

[Affirmed.]

*William W. Hoppin,* Assistant Attorney General (*John G. Lerch* and *Fred J. Carter,* special attorneys, of counsel), for the United States.
*Barnes, Wilson & Halstead* (*Frank M. Halstead* of counsel) for appellee.

[Oral argument April 27, 1925, by Mr. Lerch and Mr. Halstead]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal by the Government from a judgment of the Board of General Appraisers.

The question presented to this court for consideration is whether the single general appraiser in reappraisement proceedings has the legal authority to "ascertain and return" the value of imported merchandise without an inspection of the merchandise or samples thereof.

It is contended by the Government that, unless samples of the merchandise are available and before the general appraiser for inspection, he is without jurisdiction in the premises. It is conceded by the Government that the jurisdiction of the Board of General Appraisers to review the findings and return made by the general appraiser is unaffected by the absence of the merchandise or samples thereof.

---

[1] T. D. 40944.

Prior to the passage of the tariff act of 1913, and in conformity with the statutes then in force, it had been consistently held that, unless waived by the parties, the presence of the merchandise or samples thereof before the appraiser, general appraiser, and the Board of General Appraisers in all appraisement proceedings was essential to the validity of such proceedings. *Tilge* v. *United States*, 2 Ct. Cust. Appls. 149, and cases therein cited; *United States* v. *Michelson & Co.*, 12 Ct. Cust. Appls. 402, T. D. 40584, and cases therein cited.

Paragraph M of the tariff act of 1913 provided:

* * * and no reappraisement or re-reappraisement shall be considered invalid because of the absence of the merchandise or samples thereof before the officer or officers making the same, where no party in interest had demanded the inspection of such merchandise or samples, and where the merchandise or samples were reasonably accessible for inspection.

With the exception of the provision above quoted, the statutory provisions applicable to the question under consideration were in all important particulars substantially the same under all tariff acts prior to the Tariff Act of 1922.

In *McKesson & Robbins* v. *United States*, 11 Ct. Cust. Appls. 459, T. D. 39534, and again in *United States* v. *Michelson & Co.*, 12 Ct. Cust. Appls. 402, T. D. 40584, this court considered the provisions of paragraph M, supra, and other statutes then in force and held that the appraiser, general appraiser, and Board of General Appraisers had no authority to appraise merchandise where samples thereof were not available or accessible for examination or inspection.

It should be noted that section 10 of the customs administrative act of 1909 was reenacted as paragraph K of the act of 1913.

Paragraph K provided as follows:

PAR. K. That it shall be the duty of the appraisers of the United States, and every of them, and every person who shall act as such appraiser, or of the collector, as the case may be, by all reasonable ways and means in his or their power to ascertain, estimate, and appraise (any invoice or affidavit thereto or statement of cost, or of cost of production to the contrary notwithstanding) the actual market value and wholesale price of the merchandise at the time of exportation to the United States, in the principal markets of the country whence the same has been imported, and the number of yards, parcels, or quantities, and actual market value or wholesale price of every of them, as the case may require.

Section 2901 of the Revised Statutes, which was repealed by section 642 of the Tariff Act of 1922, provided as follows:

SEC. 2901. The collector shall designate on the invoice at least one package of every invoice, and one package at least of every ten packages of merchandise, and a greater number should he or *either of the appraisers* deem it necessary, imported into such port, to be opened, examined, and appraised, and shall order the packages so designated to the public stores for examination; and if any package be found

by the *appraisers* to contain any article not specified in the invoice, and *they or a majority of them* shall be of opinion that such article was omitted in the invoice with fraudulent intent on the part of the shipper, owner, or agent, the contents of the entire package in which the article may be, shall be liable to seizure and forfeiture on conviction thereof before any court of competent jurisdiction; but if the *appraisers* shall be of opinion that no such fraudulent intent existed, then the value of such article shall be added to the entry, and the duties thereon paid accordingly, and the same shall be delivered to the importer, agent, or consignee. Such forfeiture may, however, be remitted by the Secretary of the Treasury on the production of evidence satisfactory to him that no fraud was intended.    (Italics ours.)

It is evident from a careful reading of paragraph K and section 2901, supra, that Congress intended, subject to the provisions of paragraph M, supra, that an act of appraisement should include an inspection of the imported merchandise or of samples thereof; and it was so held in *Loeb* v. *United States*, 1 Ct. Cust. Appls. 385, and other cases.

Under the provisions of section 13 of the tariff act of 1909 and paragraph M of the act of 1913, the general appraiser and the Board of General Appraisers might exercise both judicial and inquisitorial powers.    That is, they were not limited to a *determination* of the value of merchandise from the evidence presented at a formal hearing on the merits, but might and no doubt frequently did *estimate* the value from information received from other sources.    Congress expressly provided in section 13 of the act of 1909 and in paragraph M of the act of 1913, that the decision of the general appraiser, in case of no appeal to the Board of General Appraisers, or of the Board of General Appraisers should be "final and conclusive against all parties and shall not be subject to review in any manner for any cause in any tribunal or court."    Accordingly, it was held by this court that the Board of General Appraisers in reappraisement proceedings was entitled to use information acquired on other appraisements or investigations and that in such proceedings it was not acting as a judicial tribunal. *Wolff* v. *United States*, 1 Ct. Cust. Appls. 181, T. D. 31217; *Shallus* v. *United States*, 5 Ct. Cust. Appls. 317, T. D. 34525.

All of the statutes upon which the prior decisions of this and other courts, in regard to the presence of "samples," have been based have been repealed by the Tariff Act of 1922, and we must consider the question of the necessity of an inspection of merchandise or samples thereof in appraisement proceedings in the light of the provisions of the Tariff Act of 1922.

Section 486 of the Tariff Act of 1922 reads as follows:

SEC. 486. BOND.—Upon entry of any merchandise, none of which or a part only of which is sent to the public stores for inspection, examination, or appraisal, the consignee shall give a bond, conditioned that he will produce all invoices, declarations, and other documents or papers required by law or regulations made in pursuance thereof upon the entry of imported merchandise; and that he will comply with all the requirements of the laws or regulations made in pursuance

thereof relating to the importation and admission of such merchandise and will return to the collector, when demanded by such collector, not later than ten days after the appraiser's report, such of the merchandise as was not sent to the public stores, and also will return to the collector, on demand by him, any and all merchandise found not to comply with the law and regulations governing its admission into the commerce of the United States. Such bond shall be given in a form and in a penalty to be prescribed by the Secretary of the Treasury, the penalty thereof to be paid as liquidated damages: *Provided,* That instead of a bond upon each entry the Secretary of the Treasury may prescribe a bond to be taken from any consignee to cover all importations entered by him within a period of one year from the date thereof.

Section 499 reads as follows:

SEC. 499. EXAMINATION OF MERCHANDISE.—Imported merchandise, required by law or regulations made in pursuance thereof to be inspected, examined, or appraised, shall not be delivered from customs custody, except as otherwise provided in this act, until it has been inspected, examined, or appraised and is reported by the appraiser to have been truly and correctly invoiced and found to comply with the requirements of the laws of the United States. The collector shall designate the packages or quantities covered by any invoice or entry which are to be opened and examined for the purpose of appraisement or otherwise and shall order such packages or quantities to be sent to the public stores or other places for such purpose. Not less than one package of every invoice and not less than one package of every ten packages of merchandise, shall be so designated unless the Secretary of the Treasury, from the character and description of the merchandise, is of the opinion that the examination of a less proportion of packages will amply protect the revenue and by special regulation permit a less number of packages to be examined. The *collector* or the *appraiser* may require such additional packages or quantities as *either of them* may deem necessary. If any package is found by the *appraiser* to contain any article not specified in the invoice and he reports to the collector that in his opinion such article was omitted from the invoice with fraudulent intent on the part of the seller, shipper, owner, or agent, the contents of the entire package in which such article is found shall be liable to seizure, but if the appraiser reports that no such fraudulent intent is apparent then the value of said article shall be added to the entry and the duties thereon paid accordingly. If a deficiency is found in quantity, weight, or measure in the examination of any package, report thereof shall be made to the collector, who shall make allowance therefor in the liquidation of duties. (Italics ours.)

The duties of the appraiser are defined by section 500 of the Tariff Act of 1922, which reads as follows:

SEC. 500. DUTIES OF THE APPRAISER, ASSISTANT APPRAISER, AND EXAMINER.— (a) It shall be the duty of the appraiser under such rules and regulations as the Secretary of the Treasury may prescribe—

(1) To appraise the merchandise in the unit of quantity in which the merchandise is usually bought and sold by *ascertaining* or *estimating* the value thereof by all *reasonable ways* and *means in his power,* any statement of cost or cost of production in any invoice, affidavit, declaration, or other document to the contrary notwithstanding;

(2) To ascertain the number of yards, parcels, or quantities of the merchandise ordered or designated for examination;

(3) To ascertain whether the merchandise has been truly and correctly invoiced;

(4) To describe the merchandise in order that the collector may determine the dutiable classification thereof; and

(5) To report his decisions to the collector.

(b) At ports where there are assistant appraisers provided for by law the appraiser shall have power to review and to revise and correct the reports of such assistant appraisers.

(c) It shall be the duty of an assistant appraiser—

(1) To examine and inspect such merchandise as the appraiser may direct and to report to him the value thereof;

(2) To revise and correct the reports and to supervise and direct the work of such examiners and other employees as the appraiser may designate; and

(3) To assist the appraiser, under such regulations as the Secretary of the Treasury or the appraiser may prescribe.

(d) It shall be the duty of an examiner to examine and inspect the merchandise and report the value and such other facts as the appraiser may require in his appraisement or report, and to perform such other duties as may be prescribed by rules and regulations of the Secretary of the Treasury or the appraiser.

(e) The Secretary of the Treasury is authorized to designate an officer of the customs as acting appraiser at a port where there is no appraiser. Such acting appraiser shall take the oath, perform all the duties, and possess all the powers of an appraiser. (Italics ours.)

The duties of the general appraiser and of the Board of General Appraisers in reappraisement proceedings are defined by section 501 of the act of 1922 as follows:

SEC. 501. REAPPRAISEMENT.—The decision of the appraiser shall be final and conclusive upon all parties unless a written appeal for a reappraisement is filed with or mailed to the Board of General Appraisers by the collector within sixty days after the date of the appraiser's report, or filed by the consignee, or his agent, with the collector within ten days after the date of personal delivery, or if mailed the date of mailing of written notice of appraisement to the consignee, his agent, or his attorney. No such appeal filed by the consignee or his agent shall be deemed valid unless he has complied with all the provisions of this act relating to the entry and appraisement of such merchandise. Every such appeal shall be transmitted with the entry and the accompanying papers by the collector to the Board of General Appraisers and shall be assigned to one of the general appraisers, who shall *ascertain* and *return* the value of the merchandise and shall give reasonable notice to the importer and to the person designated to represent the Government in such proceedings of the time and place of the hearing, at which the parties and their attorneys shall have an opportunity to introduce evidence and to hear and cross-examine the witnesses of the other party and to inspect all samples and all papers admitted or offered as evidence. In finding such value, affidavits of persons whose attendance can not reasonably be had, price lists, catalogues, reports or depositions of consuls, special agents, collectors, appraisers, assistant appraisers, examiners, and other officers of the Government may be considered. Copies of official documents, when certified by an official duly authorized by the Secretary of the Treasury, may be admitted in evidence with the same force and effect as original documents.

The decision of the general appraiser, after argument on the part of the interested parties if requested by them or by either of them, shall be final and conclusive upon all parties unless within ten days from the date of the filing of the decision with the collector an application for its review shall be filed with or mailed to said board by the collector or other person authorized by the Secretary of the Treasury, and a copy of such application mailed to the consignee, or his agent or attorney, or filed by the consignee, or his agent or attorney, with the collector, by whom the same shall be forthwith forwarded to the Board of Gen-

eral Appraisers. Every such application shall be assigned by the Board of General Appraisers to a board of three general appraisers, who shall consider the case upon the samples of the merchandise, if there be any, and the record made before the general appraiser, and, after argument on the part of the parties, if requested by them or either of them, shall affirm, reverse, or modify the decision of the general appraiser or remand the case to the general appraiser for further proceedings, and shall state its action in a written decision, to be forwarded to the collector, setting forth the facts upon which the finding is based and the reasons therefor. The decision of the Board of General Appraisers shall be final and conclusive upon all parties unless an appeal shall be taken by either party to the Court of Customs Appeals upon a question or questions of law only within the time and in the manner provided by section 198 of an act entitled "An act to codify, revise, and amend the laws relating to the judiciary," approved March 3, 1911. (Italics ours.)

It will be noted that under the provisions of section 499, supra, the *collector* or the *appraiser* may require such additional packages of merchandise for examination as either of them may deem necessary. No such authority is now given to either the *general appraiser* or *Board of General Appraisers.*

Under the provisions of section 500, supra, the *appraiser* may appraise merchandise by "*ascertaining* or *estimating* the value thereof by all *reasonable ways* and *means* in his power, any statement of cost or cost of production in any invoice, affidavit, declaration, *or other document* to the contrary notwithstanding."

No such authority is now given to the general appraiser or to the Board of General Appraisers. Section 501, supra, provides that the general appraiser shall *ascertain* and return the value of merchandise. He is not permitted to estimate the value "by all reasonable ways and means in his power," but must confine his decision and judgment to competent and relevant evidence formally submitted on a hearing, reasonable notice of the time and place of which shall be given to the interested parties. In finding the value of merchandise, "affidavits of persons whose attendance can not reasonably be had, price lists, catalogues, reports of depositions of consuls, special agents, collectors, appraisers, assistant appraisers, examiners, and other officers of the Government may be considered."

It will be observed that the general appraiser has no authority to talk privately with the appraiser or other officer of the Government for the purpose of *estimating* the value *by all reasonable ways* and *means,* but on the contrary, he must *ascertain* the value and, in so doing, affidavits of persons whose *attendance may not be had,* and other documentary evidence may be considered by the general appraiser, when introduced in evidence. His determination of the value of merchandise is the exercise of a judicial function.

Evidence may be presented for the consideration of the general appraiser under the established rules in regard thereto, except in so far as such rules have been modified by section 501, supra.

In the case of *United States* v. *Cabrera Bros.*, 13 Ct. Cust. Appls. 82, T. D. 40936, it was held in substance that a "report" of a special Government agent was not competent evidence of the facts therein stated unless relevant to the issues before the general appraiser.

The appraiser may consider or entirely ignore any evidence presented to him for his consideration, whether it be documentary or otherwise. The general appraiser is required to consider all proper evidence of the facts to be ascertained and if he fails or refuses so to do, his findings may be reversed by the Board of General Appraisers on appeal.

It is properly conceded by the Government that the functions of the Board of General Appraisers are judicial in such proceedings.

The proceedings before the general appraiser being judicial in character and the facts upon which his determination of value is based being limited to such as are relevant and competent under the rules of evidence and section 501, supra, it necessarily follows that only such evidence as is introduced by the parties at the hearing may be considered.

Such evidence includes properly identified samples of the merchandise. The parties and their attorneys may inspect all such samples and all documents and papers admitted in evidence as in any other judicial proceeding.

We find nothing in the Tariff Act of 1922 which requires the presence of the merchandise or samples thereof before the general appraiser in order that the proceedings before him may be valid. Samples may be important in some cases and in other cases unimportant. If they are important they may be produced, if unimportant they may or may not be produced and offered in evidence as the parties may desire, and such will be our holding.

The judgment is *affirmed*.