UNITED STATES *v.* ROLLS-ROYCE OF AMERICA (INC.) (NO. 2578) [1]

SAMPLES.

> After re-reappraisement, the collector assessed duty accordingly and additional duty for undervaluation under paragraph I, Section III, tariff act of 1913. Importer protested, showing that all the merchandise had gone into consumption, and claiming that, therefore, neither it nor samples were "reasonably accessible for inspection" at the re-reappraisement, as required by paragraph M, Section III, tariff act of 1913. The re-reappraisement was void and the importer can not be held to have waived the question of samples.

United States Court of Customs Appeals, November 21, 1925

APPEAL from Board of United States General Appraisers, Abstract 49065

[Affirmed.]

*William W. Hoppin,* Assistant Attorney General (*Samuel M. Richardson,* special attorney, of counsel), for the United States.
*B. A. Levett* for appellee.

[Oral argument Oct. 14, 1925, by Mr. Richardson and Mr. Levett]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

The appellee in this case imported two shipments of automobile chassis, the dates of entry being March 28 and June 1, 1921. They were, therefore, dutiable under the provisions of the tariff act of October 3, 1913. Thereafter appeals to reappraisement and re-reappraisement were had. As a result of these various proceedings, the entered value was advanced by the Board of General Appraisers. Thereupon the collector, acting upon the assumed authority of said re-reappraisement proceedings, assessed duties under paragraph 119 of the tariff act of October 3, 1913, at the reappraised value and levied an additional duty upon the imported goods for undervaluation, as provided by paragraph I, Section III, of said act. Importer protested on various grounds. On the hearing upon this protest before the Board of General Appraisers, the importer introduced two witnesses. The first, Vincent Trupper, clerk in charge of the reappraisement division of the Board of General Appraisers, testified that records were kept in his office of samples when introduced in reappraisement matters, and that the records, in the matter of the entries involved in the case at bar, failed to show any record of any such samples therein. The second, Harry O. Beaver, treasurer of importer, testified in part, as follows:

Q. You appeared in these reappraisement cases, did you not?—A. I did.
Q. Was there any production of the merchandise covered by these invoices before the board at the time of the reappraisement?—A. There was not.

Q. Where were these cars at that time?

Mr. HIGGINBOTHAM. Objected to on the ground that it is immaterial where they were.

Mr. LEVETT. The witness can state they had gone into consumption and let it go at that.

The WITNESS. They had.

On this record the court below sustained the protest holding that the proceedings before the board in the matter of the re-reappraisement of the goods imported were void *ab initio*, because samples of the goods, the subject matter of the re-reappraisement, were not reasonably accessible for inspection at the time of re-reappraisement by the board, as required by paragraph M, Section III, of said tariff act of 1913. The Government appeals. The only matter presented to us for review is the decision of the court below holding the said re-reappraisement to be void.

Practically the same question was before us in *McKesson & Robbins* v. *United States*, 11 Ct. Cust. Appls. 459. We there held that in all cases of reappraisement by a single general appraiser, or in cases of re-reappraisement by the Board of General Appraisers, the merchandise or samples must be produced for inspection if demanded by a party in interest, and, if not demanded, such merchandise or samples must be reasonably accessible for inspection at the time of such reappraisement or re-reappraisement; that in default thereof the reappraisement or re-reappraisement, as the case might be, was invalid and void *ab initio;* that the question of the absence and lack of reasonable accessibility of the merchandise or samples was a jurisdictional one.

We followed the conclusions arrived at in the McKesson & Robbins case, supra, in *United States* v. *Michelson*, 12 Ct. Cust. Appls. 402, and cited the decision with approval in *United States* v. *McConnaughey & Co.*, 13 Ct. Cust. Appls. 112; T. D. 40944. Our judgment, therefore, as announced in the McKesson & Robbins case, supra, must be taken as the settled law in this court.

It is not controverted that at the time of the re-reappraisement proceedings herein no samples were before the board and all the merchandise had gone "into consumption." It is manifest, in view of what we have said, the proceedings before the board were void unless the merchandise or samples were reasonably accessible for nspection at that time. Can automobile chassis be said to be reasonably accessible which have gone into consumption? The word "consumption" has, in customs matters, a well-understood meaning. A thing imported is said to have gone into consumption when it has been delivered by the officers of the customs to the importer and when it has entered the internal commerce of the country as an integral part thereof. We do not think merchandise so gone into consumption

can be said to be reasonably accessible for inspection, if, in fact, it is available at all, under said paragraph M. This court pointed out in McKesson & Robbins, supra, that by sections 2901 and 2899, Revised Statutes, ample machinery was provided by which there were until final appraisement, within the control of the customs officers, samples of the imported merchandise. It was to such samples we believe the "reasonably accessible" provision of paragraph M referred, and not to merchandise which had left customs custody and was in the commerce of the country.

Even if it might be held, and as to this we express no opinion, that samples might be taken from goods in consumption, it will readily appear that great difficulty would be had in rendering them admissible as such; they would not be competent, if objected to, unless identified as a part of the shipment in question and as being in the same condition as when imported. Such samples, taken from the commerce of the country, might be accessible, but hardly can be said to be *reasonably* so. This was the conclusion reached in *Mc Kesson & Robbins* v. *United States, supra,* where this court said:

Unfortunately the appraiser in June, 1920, nearly four months prior to the official return of his appraisement made in October, 1920, released to the importer all samples found in cases 19 and 27, with the exception of about 14, and the samples so released having gone into consumption were no longer available for examination or inspection by the general appraiser when by virtue of the appeal he was called upon on December 29, 1920, to reappraise the merchandise. Consequently, the general appraiser had no jurisdiction to appraise any of the goods other than the samples actually submitted to him and the merchandise of which such samples were representative.

But it is argued by Government counsel that if the jurisdictional question can be raised, it should have been raised on the re-reappraisement hearing before the board, and that a failure to do so is a waiver of the point. We have held otherwise. In *United States* v. *Robinson & Co.,* 12 Ct. Cust. Appls. 145 (154), we said:

It might be well to add that if it were admitted that the Board of General Appraisers sitting in re-reappraisement was a judicial tribunal, and if it were further admitted that the attack on its decision in this case was collateral, we do not think such attack would be in contravention of the rule against collateral attacks on decisions of judicial tribunals, for the reason that the finding of the Board of General Appraisers sitting in re-reappraisement in this case was absolutely void for want of jurisdiction. It was not voidable, but void—a nullity with no more force and effect than if it had not been entered. Such a judgment, decree, or finding may be attacked in any judicial tribunal, in any other cause, at any time the question arises.

For the reasons stated, the judgment of the Board of General Appraisers is *affirmed.*