NEW YORK MERCHANDISE CO. *v.* UNITED STATES (No. 2736)[1]

REAPPRAISEMENT REVIEW, SUFFICIENCY OF FINDINGS.

In reviewing a reappraisement "it was incumbent upon the Board of three General Appraisers to find and state in their written decision which of the

[1] T. D. 41878.

methods of appraisement provided for in section 402 [Tariff Act of 1922] is adopted by it in appraising imported merchandise, and also to find and state the items which are ascertained and considered in determining the appraisement thereof." *United States* v. *Cabrera Bros.*, 13 Ct. Cust. Appls. 82, T. D. 40936. The cause is reversed and remanded for such findings to be made.

United States Court of Customs Appeals, November 19, 1926

APPEAL from Board of United States General Appraisers, Circ. reapp. 36280

[Reversed and remanded.]

*Sharretts, Coe & Hillis (Edward P. Sharretts* of counsel) for appellant.
*Charles D. Lawrence,* Assistant Attorney General (*Oscar Igstaedter,* special attorney, of counsel), for the United States.

[Oral argument October 20, 1926, by Mr. Sharretts and Mr. Igstaedter]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

SMITH, Judge, delivered the opinion of the court:

In the fall of 1923 the New York Merchandise Co., through its treasurer, made eleven purchases of handkerchiefs in Plauen, Germany. Some of the purchases were made as early as October and November, 1923. The name of the manufacturer and seller, the dates of the invoices, the dates of exportation, the invoice value, the entered value, and the appraised value are as follows:

| Reappraisement No. | Manufacturer | Invoiced from Plauen | Exported from Hamburg | Invoice and entered value | Appraised value |
|---|---|---|---|---|---|
| | | | | *Per doz.* | *Per doz.* |
| 37163 | Eugen Kraut & Co | Dec. 21, 1923 | Jan. 13, 1924 | $0.36 | $0.50 |
| 35445 | ___do___ | Jan. 22, 1924 | Feb. 14, 1924 | .37½ | .50 |
| 35448 | ___do___ | Feb. 23, 1924 | Mar. 13, 1924 | .37½ | .50 |
| 37159 | ___do___ | Apr. 14, 1924 | May 15, 1924 | .37 | .50 |
| 35446 | Gebrueder Spaeth | May 8, 1924 | May 20, 1924 | .34 | .48 |
| 36165 | Eugen Kraut & Co | June 25, 1924 | July 8, 1924 | .36 | .50 |
| 36165 | ___do___ | ___do___ | ___do___ | .37½ | .50 |
| 38562 | ___do___ | July 15, 1924 | July 24, 1924 | .36 | .45 |
| 38562 | ___do___ | ___do___ | ___do___ | .37½ | .45 |
| 38562 | Gebrueder Spaeth | July 11, 1924 | ___do___ | .34 | .40 |
| 38391 | Eugen Kraut & Co | Sept. 8, 1924 | Sept. 18, 1924 | .34 | .45 |

From the appraisements made by the local appraiser appeals were taken by the importer to the general appraiser who affirmed the local appraisements and on appeal his decisions were affirmed by the Board of General Appraisers. From the decision of the Board of General Appraisers, the present appeal was taken and in support of that appeal the importer contends, among other things, first, that it was not determined by the local appraiser, the general appraiser, or the Board of General Appraisers whether the goods were appraised at their foreign value, at their export value, at the American selling price, or at the cost of production; second, that the decision of the Board of General Appraisers does not set forth the facts upon

which the board's finding was based or the reasons therefor as required by section 501 of the Tariff Act of 1922.

Section 402 of the Tariff Act of 1922 prescribes that for the purposes of the act the value of imported merchandise shall be: (1) The foreign value or the export value, whichever is higher; (2) the United States value, if neither the foreign value nor the export value can be ascertained to the satisfaction of the appraising officers; (3) the cost of production, if neither foreign, export, nor United States value can be ascertained to the satisfaction of the appraising officers; (4) the American selling price, if there be any similar or competitive article manufactured or produced in the United States of a class or kind concerning which the President has made public the finding provided by subsection (b) of section 315 of the Tariff Act of 1922.

The local appraiser did not report to the collector, and it nowhere appears from any record made by him whether he appraised the merchandise at its foreign or at its export value or at any other value specified in section 402. The appraiser had to make a decision · as to which of the four values he would accept in making an appraisement of the merchandise, and although article 694 of the Customs Regulations of 1923 required him to report his decisions to the collector, he made no report to that officer as to which of the statutory values was the basis for his appraisement. His failure to make that report left both the collector and the importer without any information whatever as to the basis upon which his appraisement was made and consequently without any knowledge concerning the value which would be put in issue by an appeal to reappraisement. ·

The general appraiser on appeal to reappraisement simply affirmed the appraised values as found by the local appraiser and the reappraisement decision, therefore, furnishes no more information than does the local appraisement as to whether the handkerchiefs were appraised at their foreign value, their export value, the American selling price of similar competitive articles, or at the cost of their production.

On appeal to the Board of General Appraisers, General Appraiser McClelland found that the appraised value of the merchandise "equaled the foreign market value of the various items involved." No such finding was made by either General Appraiser Sullivan or General Appraiser Brown. General Appraiser Sullivan in his decision took pains to state that the market value of the merchandise imported was not free from doubt and that while many of the invoices disclosed that the wholesale market price and wholesale export price were the same when the goods *were ordered in 1923, none of the merchandise was shipped until the latter half of 1924.* General Appraiser Sullivan did expressly find that there were sales on or about the date of shipment at prices corresponding with the values found by the appraiser, but

whether such sales were export sales or domestic sales in the principal markets of Germany does not appear from his decision. In view of the fact that General Appraiser Sullivan was of the opinion that all of the goods were shipped in the latter half of 1924, whereas it appears from the record that at least six shipments were made in the first half of that year, two in July, and one in September, it is apparent that the general appraiser's finding that prices on or about the date of shipment corresponded with the values found by the appraiser, can not be regarded as a finding that foreign and export value were the same at the time of exportation or as sustaining the correctness of the appraised value and reappraised value of the eleven shipments.

General Appraiser Brown simply concurred in the legal conclusion reached by his associates without making any finding of fact whatever.

This court in *United States* v. *Cabrera Bros.*, 13 Ct. Cust. Appls. 82, T. D. 40936, held that "it was incumbent upon the Board of three General Appraisers to find and state in their written decision which of the methods of appraisement provided for in section 402 is adopted by it in appraising imported merchandise, and also to find and state the items which are ascertained and considered in determining the appraisement thereof." The decision of the Board of General Appraisers, now the United States Customs Court, in appraisement matters can be reviewed by this court only on questions of law. In order that this court may determine whether the decision of the board as to the facts has any evidence to support it, the board, now the United States Customs Court, must make findings of fact which will enable this court to reach a conclusion as to the law applicable thereto. In classification cases this court, although always reluctant to do so, may differ with the board as to what has been proven by the evidence. In appraisement cases, the Court of Customs Appeals must accept the facts as found by the board if there be substantial evidence to support them and because of that fact, section 501 of the Tariff Act of 1922 requires the board to set forth in its written decision the facts upon which it is based and the reasons therefor.

General Appraiser Sullivan was in error as to the date of exportation of all of the goods, a fact vital for a proper determination of the case and that error emphasizes the necessity of making the findings and stating the reasons for the decision of the board as required by section 501.

The general appraiser in appraisement appeals hears the testimony, sees the witnesses, and it would facilitate matters very considerably for the board if he made findings of fact on the issues raised, but whether the case shall be remanded by the general appraisers for the making of such findings, is for the board and not for this court to say.

The judgment of the Board of General Appraisers must be reversed for lack of findings of fact and for the board's failure to state the reasons for its decision. The case is remanded for such further proceedings as the law prescribes. *Reversed* and *remanded*.