## MOHR & SONS ET AL. *v.* UNITED STATES (No. 2988)[1]

United States Court of Customs Appeals, January 30, 1928

*Frank L. Lawrence* (*Martin T. Baldwin* of counsel) for appellants.

*Charles D. Lawrence*, Assistant Attorney General (*John F. Kavanagh* and *Hugo P. Geisler*, special attorneys, of counsel), for the United States.

[1] T. D. 42592.

[Oral argument December 14, 1927, by Mr. Kavanagh]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BARBER, Judge, delivered the opinion of the court:

This is an importers' appeal from the judgment of the second division of the United States Customs Court in reappraisements Nos. 49576–A and 49577–A. The merchandise involved is field glasses imported from Germany.

In reappraisement 49576–A the field glasses cost $7 each. They were entered at that amount plus a 15 per cent luxury tax, equivalent in all to $8.05 each. They were appraised by the local appraiser at $11 each.

Reappraisement No. 49577–A covers the same kind and quality of field glasses purchased at the same price. They were imported and entered a few months later than those covered by the earlier reappraisement. A duress entry was made of the last importation under paragraph 489 of the Tariff Act of 1922 at $11 each, for the purpose of meeting the advance by the local appraiser made on the preceding entry. They also were appraised by the local appraiser at $11 each.

Importers appealed to reappraisement in each case. The appeals were heard together. The single justice affirmed the action of the local appraiser in each case, and the Customs Court in each case affirmed the judgment of the single justice.

Section 501 of the Tariff Act of 1922 provides, among other things, that in reappraisement cases the Customs Court—

shall state its action in a written decision, to be forwarded to the collector, setting forth the facts upon which the finding is based and the reasons therefor.

The decision in the court below is as follows:

This case involves the question of the market value of certain field glasses imported from Germany by H. B. Thomas & Co. in July, 1924. The appraiser advanced the entered value thereof from $7 per pair plus packing to $11 per pair. On appeal to reappraisement Justice Adamson affirmed the appraised value. Subsequently, on a rehearing granted the importers, Justice Brown likewise affirmed the appraised values.

Application is now made to review the latter decision. After carefully considering all the facts in the case we are unable to discover any error in the decision appealed from. The same is therefore affirmed.

The material part of the judgment order is as follows:

It is hereby ordered, adjudged, and decreed that the decision of the court below be and the same hereby is affirmed in accordance with the decision hereto attached and made a part of this order.

As we understand the record, these reappraisements, among other things, involved a question as to whether the field glasses were what is known as first quality or were they what is known as unsorted or

second quality. It appears that the value of these glasses depends upon their quality. There is also the question as to whether or not there was a home market for the imported merchandise in Germany.

The attention of the Customs Court was explicitly directed to these and other issues by proposed findings of fact submitted by counsel for both the importers and the Government, pursuant to rule 47 of the Customs Court, which provides therefor.

It will be observed that the Customs Court in its decision and judgment above quoted made no findings of fact on the above-mentioned issues. It stated what the merchandise was, what had been done in the case before it was presented to the court, and that "after carefully considering all the facts" it found no error. What facts it considered it does not disclose. Section 501 requires it to set forth the *facts* upon which its finding is based.

We are clear that the court has failed to comply with the provisions of section 501, and that because of such failure the cause should be remanded.

We have heretofore had occasion to remand reappraisement cases for findings of fact, and have pointed out the reasons therefor, which it is here unnecessary to repeat. *Kuttroff, Pickhardt & Co. (Inc.)* v. *United States*, 12 Ct. Cust. Appls. 261, T. D. 40269; *Sandoz Chemical Works* v. *United States*, 12 id. 512, T. D. 40700; *United States* v. *Borgfeldt & Co.*, 12 id. 324, T. D. 40482; *United States* v. *Cabrera*, 13 Ct. Cust. Appls. 82, T. D. 40936; *New York Merchandise Co.* v. *United States*, 14 Ct. Cust. Appls. 256, T. D. 41878; *Downing & Co. et al.* v. *United States*, 15 Ct. Cust. Appls. 235, T. D. 42243.

The judgment below is reversed and the cause remanded for further proceedings according to law.