F. B. Vandegrift & Co. (G. W. Bernstein & Sons) *v.* United States (No. 3339)[1]

---

[1] T. D. 44586.

United States Court of Customs and Patent Appeals, January 28, 1931

*Comstock & Washburn* (*J. Stuart Tompkins* of counsel) for appellants.
*Charles D. Lawrence*, Assistant Attorney General (*Philip Stein*, special attorney, of counsel), for the United States.

[Oral argument December 12, 1930, by Mr. Tompkins and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

This is an appeal by F. B. Vandegrift & Co. from a judgment of the United States Customs Court, overruling a protest filed by the appellant against a classification by the collector, at the port of Philadelphia, of certain imported material, as cloth manufactured from wool, under paragraph 288 of the Tariff Act of October 3, 1913, plus 45 cents per pound under paragraphs 18 and 19 of the Emergency Tariff Act of May 27, 1921. The protest, covering three entries, claims, first, that the entries should have been liquidated upon the basis of the rag values of the imported goods, with an alternative ground of protest that the reappraisements were illegal, null and void, because of the fact, as alleged, that the Board of General Appraisers "failed to appraise the merchandise in its form and condition as imported, but on the contrary, found and fixed values for it in the form and condition which it had as cloth or cloth in the bolt before it was cut up into samples."

There was a further alternative claim that the merchandise was not dutiable under the said Emergency Tariff Act, but that claim was waived on the trial.

The goods in question were cloth samples, manufactured for and used in the sale of woolen goods. The records in reappraisements Nos. 5817–A, 7306–A, and 5739–A, the reappraisements made of the goods in issue here, were received in evidence. The record, as made, includes the affidavit of Robert Sim Muir, of Selkirk, Scotland, who deposed that the samples had no commercial value except as rags, the value of the same, as rags, being then given by him; that, also, no charge was made for these samples, but that the cost of them was included in the overhead charges of manufacture and forms a part of the price of the cloth, which was later exported to the United States, and that the samples are distributed to purchasers without charge. There is also an affidavit in the record of J. Stuart Tompkins, who deposes that 10 per centum overhead is added to the cost of the cloth to cover the samples. Another deponent, by the name of Bernstein, states that the value of the samples is about 5 per centum

of the cloth, but that 10 per centum is added to the cost of the cloth to cover the cost of the samples. Bernstein was also sworn, and testified, in one of the incorporated records, that the goods were sent out gratuitously, and that he is unable to state what finally became of them; that the samples were cut from regular piece goods, and made up into bunches by girls, and are known as selling samples.

In the reappraisement matter, the Board of General Appraisers, speaking through Adamson, general appraiser, said, in substance, that the claim made by the importer that the samples had no value could not be sustained; that the goods were not dutiable according to their rag value, as they were not rags; that the cost of production could have been established but was not, and that the goods ought to be, and were, valued for duty at the purchase price of the cloth, from which they were originally cut, according to the amount used in the samples. An application for rehearing was made, predicated upon the representation of counsel that it was desired to produce evidence upon the cost of production. This motion was denied and error is assigned here upon its denial.

In deciding this classification matter, the United States Customs Court (formerly the Board of General Appraisers), speaking through Fischer, Chief Justice, said:

The record does not support plaintiffs' contention that such final appraised values were based upon prices of similar or comparable cloth imported in bolt form. The court merely appraised the merchandise "at the purchase price of the cloth before it was cut." Said decision (reappraisement 5739–A) reads in part:

In this case the dutiable value is the invoice price of the goods. It would be unreasonable to say that the samples were of no value. If they were not useful, a valuable good cloth would not be destroyed to manufacture the samples. They are manufactured for a purpose by cutting up good cloth. * * * They can not be valued less than the cost of the cloth from which they were cut, and we disapprove the 20 per centum reduction.

It is therefore plainly obvious that the finding of the court was based on the values shown on the invoice as representing the purchase price of the identical cloth from which the samples were made.

It is true, as alleged by plaintiffs, that the value of the merchandise is its value in its imported condition. That was precisely the finding here—the value of the small pieces having been found to be the same as the value in the large piece.

The importer now contends that the judgment of the court below is erroneous, as being based upon an invalid reappraisement; that the reappraising board had fixed the value of the goods imported upon a basis of their proportionate part of the value of the goods from which they were cut; that this is not a proper basis of valuation, and that the reappraisement is therefore null and void. In support of this proposition, the appellants cite numerous authorities, among which is *United States* v. *Vandegrift & Co.*, 16 Ct. Cust. Appls. 398, T. D. 43120.

Appellants' counsel call attention to the rule often announced by this court, that under paragraphs K, L, M, and N of Section III of

the Tariff Act of October 3, 1913, parties in interest might protest the liquidation of the entry upon the ground that the appraisers "have proceeded on a wrong principle contrary to law, or have transcended the powers conferred by statute." That this is the law is well settled. *Gulbenkian* v. *United States*, 186 Fed. 133; *Passavant* v. *United States*, 169 U. S. 16, 21; *Muser* v. *Magone*, 155 U. S. 240; *Wolff* v. *United States*, 1 Ct. Cust. Appls. 181, T. D. 31217.

But this doctrine has never been extended to holding that the decision of the Board of General Appraisers, in reappraisement matters under the said act of 1913, would be disturbed where the only thing involved was the correctness of the decision of that body in finding a dutiable value, on the facts. It was only where that board had acted beyond its legal authority that this court has found it necessary to reverse its findings. Under the cited paragraphs of the said act of 1913, the Board of General Appraisers was not confined to the record made before it in the case at issue, but had, as well, inquisitorial powers. In that respect its powers differed greatly from those enjoyed under the Tariff Act of 1922, as was fully pointed out in *United States* v. *McConnaughey & Co.*, 13 Ct. Cust. Appls. 112, T. D. 40944, and *Johnson Co.* v. *United States*, 13 Ct. Cust. Appls. 373, T. D. 41318. Therefore, what was said in *United States* v. *Vandegrift*, 16 Ct. Cust. Appls. 398, T. D. 43120, that case being decided under the Tariff Act of 1922, can have no application here, in so far as it affects the validity of the appraisement in the case at bar.

We are of opinion that the Board of General Appraisers acted within its jurisdiction when it fixed the dutiable values in the case at bar. Whether it erred in its judgment or conclusions, on the facts before it, is not for us to determine. The comment made in *Wolff* v. *United States*, *supra*, is in point:

> When analyzed, these contentions, with the exception of the second, finally resolve themselves into a claim that the appraisers wholly disregarded the evidence submitted by the importer, that they permitted themselves to be influenced by appraisements previously officially fixed by boards of reappraisement for the same kind of merchandise, that they were mistaken as to the value of Hongkong currency on the date of exportation, and that the conclusions reached were not warranted by the facts before them. Giving to the importer the full benefit of all these claims and admitting for the moment that they are fully supported by competent evidence, nothing more can be deduced from them than that the board's decision was against the evidence, that it was not supported by the evidence, that the appraisers drew a wrong conclusion from the evidence, and that therefore their finding was erroneous. They do not show, or even tend to show, that the appraisers assumed or exercised a jurisdiction or power not conferred on them by law. Error or mistake made in the exercise of power and jurisdiction is one thing and the exercise of a power or jurisdiction not lawfully conferred is quite another.

We know of no case where this court has ever held that a review of the conclusions of fact in a reappraisement matter, under the said Tariff Act of 1913, might be had by protest to the liquidation therein. This court has, on some occasions, held such appraisements to be invalid where the appraisers have added items to the appraised value which it was not their function, but that of the collector, to fix, or have included in the appraised value items not warranted by the law. Again, we have held that an appraisement made without the presence of samples was void. These, however, were questions of law and involved the validity of the appraisement or the jurisdiction and legal authority of the board; but where the question was one of fact, we have uniformly refused to interfere. *Lewisohn Importing & Trading Co.* v. *United States*, 5 Ct. Cust. Appls. 204, T. D. 34329; *Shallus* v. *United States*, 5 Ct. Cust. Appls. 317, T. D. 34525; *United States* v. *American Express Co.*, 5 Ct. Cust. Appls. 351, T. D. 34550; *McKesson & Robbins* v. *United States*, 11 Ct. Cust. Appls. 459, T. D. 39534; *Vandegrift & Co.* v. *United States*, 12 Ct. Cust. Appls. 230, T. D. 40231; *United States* v. *Tampa Box Co.*, 15 Ct. Cust. Appls. 360, 364, T. D. 42561.

The judgment of the court below is *affirmed.*