## WILSON v. HOFFMAN.

(Circuit Court, D. New Jersey. July 10, 1903.)

1. LANDLORD AND TENANT—PROPERTY OF TENANT—CONVERSION BY LANDLORD.

Where plaintiff, on being dispossessed from defendant's furnished house, was compelled to vacate and leave her goods in the house, the landlord's act in leasing, not only the house, but its existing furnishings, to another, constituted a conversion of any of plaintiff's goods therein of the use and benefit of which plaintiff was thereby deprived.

2. SAME—VERDICT—DAMAGES—EVIDENCE.

Where, in an action for conversion, plaintiff testified that the value of the goods converted was $2,600, and the value as found by the jury was $2,100, the verdict could not be said to be erroneous for failure to deduct the value of certain property which the evidence showed was not converted.

3. SAME.

In an action for conversion of certain personal property and furnishings which were a part of the plaintiff's boarding house, evidence of persons who boarded with plaintiff at one of her prior places, furnished with the same property, as to the character of house she kept and the rates paid, was admissible on the question of value of the articles converted.

4. SAME—RECEPTION OF EVIDENCE—INTERROGATORIES.

In an action for conversion, it was not error for the court to refuse to allow defendant to introduce plaintiff's answers to interrogatories, on plaintiff's cross-examination, before defendant's side of the case had been reached; the court having stated that plaintiff might be asked, on cross-examination, for the purpose of contradiction, whether she had not made certain responses to such interrogatories.

5. SAME—SUCCESSIVE CONVERSIONS—PROOF.

In an action for conversion, plaintiff was not limited to proof of the conversion on the day alleged in the declaration, but was entitled to introduce proof of successive conversions.

6. SAME—PLEADING—DECLARATION—DESCRIPTION OF GOODS—COUNTS—REFERENCE.

In an action for conversion, a count in the declaration was not objectionable for failure to describe the goods converted, where such count

¶ 6. See Pleading, vol. 39, Cent. Dig. § 118.

referred for such description to a previous count which contained a sufficient description of the goods.

Rule for New Trial.

C. L. Cole, for the rule.

Geo. J. Bergen, opposed.

ARCHBALD, District Judge.* The verdict of the jury was a general one, except as to the date assigned for the conversion of the goods, which is given as May 27, 1898, and from which it is evident that the conversion found was based on the leasing by the defendant to Miss Canfield, a few days after the plaintiff was dispossessed, of the place which she was compelled to vacate and where she had to leave her goods, as a furnished house. It is contended that upon this date there could have been no conversion of the bale of new carpet wrapped up in burlaps, which the defendant says he saw belonged to the plaintiff and directed his tenant, Miss Canfield, not to use; nor of the groceries and kitchen utensils which were left undisturbed in the basement; nor the crockery and marked linen which Miss Canfield says she at once put aside in one of the closets; and as the jury—as it is said—have not excepted these articles out of their verdict, which apparently covers them, it cannot therefore be sustained. But the conversion is not to be determined so much by what was done by Miss Canfield as by the defendant; and when he undertook to lease to her, as he did, not only the house, but its existing furnishings, he became liable as for a conversion for any of the plaintiff's goods which were included therein, from the use and benefit of which she was thereby deprived. Wilson v. Cummings (Super. N. Y.) 24 N. Y. Supp. 115. This may not have extended to the bale of new carpet, if the defendant, as he says, expressly reserved this; but it might to the other things mentioned, notwithstanding the precaution taken by Miss Canfield not to use them. But the verdict, as it is stated above, was a general one, and just what articles it covered cannot therefore be ascertained. The only question now is whether it was justified by the evidence, and I cannot see but that it was. The value of the goods converted, as found by the jury, was $2,100. This is considerably less than the amount claimed and testified to by the plaintiff, which was about $2,600, and the carpet, as well as a good many other things, may well be regarded as having been thrown out in the difference. The jury are presumed to have followed the instructions of the court in making up their verdict, and I am not persuaded that they have allowed anything which they were directed not to. As to the effect of the verdict on the title to the carpet, or any of the other articles still in the defendant's possession, that question is not involved in the present rule, and I cannot therefore be expected to pass upon it.

Complaint is further made because some of those who boarded with the plaintiff at one of her prior places were allowed to state the character of house she kept and particularly the rates which they paid her. So far as this went to show the general style of her house and the

* Specially assigned.

way she had it furnished, it bore to a certain extent on the question of value and was not objectionable. But it also had admittedly another purpose, and that was as the partial basis of a claim for damages for the interruption by the defendant of the plaintiff's business by the conversion of her goods. This idea, however, upon further consideration, was abandoned by the plaintiff, and it would have been in order thereupon to have had the evidence stricken out and the jury directed to disregard it. This was not done, but I cannot see that the defendant was injured because it was not. As already intimated, the evidence had a certain probative force, even on the question of value; the furnishings at a high-priced place having to be better than at a cheaper one. It was not independent proof, it is true; but it was corroborative, and, to that extent, legitimate. How, in any event, it could have worked to the defendant's detriment, I do not see; the only use the jury could have made of it being to swell the damages, which under the instructions of the court they could not do, and, according to the verdict rendered, they did not.

It is further urged that the court erred in not allowing the defendant to introduce the answers of the plaintiff taken on interrogatories according to the local practice. The offer of these interrogatories and answers was made while the plaintiff was upon cross-examination and before the defendant's side of the case had been reached. The exclusion was merely for the time being, on the ground that the defendant could not offer evidence until the plaintiff had concluded, according to the universal practice. At the same time for purposes of contradiction it was stated by the court that the plaintiff might be asked, on cross-examination, whether, in response to such an interrogatory, she had not answered thus and so, a ruling which gave the defendant all the advantage that he now contends for, without disturbing the established order of proof.

It is said, as another ground of complaint, that the plaintiff could not claim successive conversions, as she practically was allowed to at the trial. It is undoubtedly true that, when once the defendant was shown to have appropriated her goods, there could not consistently be another conversion claimed until the first had somehow been done away with; but that did not prevent the plaintiff from multiplying her proof. It could not be told in advance what evidence would satisfy the jury, and she had the right to lay before them all she had upon the subject. It may be that she could have been compelled at the trial to elect upon just what she would base the conversion which she claimed; but she could not, as argued, be held to have elected the date given in the declaration, which, by all the authorities, is immaterial and does not have to be proved as laid. Neither would anything be gained by separate counts to meet this question, differing only, as they would, in the dates assigned. But the truth is that in the present stage of the case we have passed by all that. The only question is whether the declaration as it stands is sufficient to sustain the verdict, upon which I have no doubt.

It is said, however, that the third count, which is the only one that charges a conversion, does not describe the goods converted, but relies on a reference over to the counts preceding it, which charge a

taking, and are defective (in what particular I do not remember), and that as each count must be complete in itself, or, if another may be drawn upon, a reliance on a defective count is no reliance whatever, the verdict in consequence has nothing upon which to rest. For this contention, Gilmore v. Christ Church Hospital (N. J. Sup.) 52 Atl. 241, is cited, but the case is clearly misconceived. It does indeed hold, and rightly, that each count in a declaration must state a complete cause of action, but not that one count cannot import from another by reference particulars of description with regard to the subject of it, and, on the contrary, it expressly recognizes that right. This practice is freely indulged in, even in indictments, where a much greater strictness of pleading is called for, and is too well established to be questioned. The point in the case referred to was that the first count was bad in joining a cause of action against both defendants with a separate cause against one of them singly, and, as the third count averred that "by reason of the aforesaid wrongs and injuries" the plaintiff had been damaged, it thereby incorporated into it the same defect.

The rule for a new trial is discharged.