## UNITED STATES *v.* FARWELL CO. (No. 2450) [1]

CONSTRUCTION OF BOARD'S RULES—"VERIFIED."

The Board of United States General Appraisers is primarily the judge of its own rules, and, if they are open to construction, the board's interpretation of them will not be interfered with by this court unless this court is satisfied that, as interpreted, they are unreasonable or not warranted by law. Section 489, Tariff Act of 1922, prescribes that a petition for the remission of additional duties shall be filed and supported by satisfactory evidence under such rules as the board may prescribe. The board's rules require the petition to be in writing and verified by the petitioner or some one knowing the facts. The overruling by the board of a motion to dismiss for insufficient verification, such petition bearing a notarial attestation "Subscribed and sworn to before me this 1st day of November, 1923," is affirmed.

### United States Court of Customs Appeals, May 4, 1925

APPEAL from Board of United States General Appraisers, Abstract 47439

[Affirmed.]

*William W. Hoppin,* Assistant Attorney General (*Ralph Folks,* special attorney, of counsel), for the United States.
No appearance for appellee.

[Oral argument Jan. 25, 1925, by Mr. Folks]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

SMITH, Judge, delivered the opinion of the court:

Human hair nets purchased at Tsinanfu, China, for $2.45, plus packing, were entered at the customhouse in Chicago at that value. The appraiser advanced the value to $2.85, Mexican money, plus packing. As the importer had no information as to the market value of the goods in China and was unable because of the Japanese disaster at Yokohama to communicate with its representative in the Orient, who was stationed at Yokohama, no appeal to reappraisement was taken.

---

[1] T. D. 40883.

A petition was filed, however, with the board praying for a finding that the entry of the merchandise at a less value than its appraised value was without intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise.

That petition is as follows:

JOHN V. FARWELL CO.,
102 SOUTH MARKET STREET,
*Chicago, November 1, 1923.*

THE BOARD OF UNITED STATES GENERAL APPRAISERS,
*641 Washington Street, New York, N. Y.*

GENTLEMEN: Application is hereby made for remission of additional duty assessed by the collector of customs at the port of Chicago on the merchandise covered by entry No. 3602, under section 489 of the Tariff Act of 1922.

The merchandise in question is human hair nets, purchased at Tsinanfu, China, from Yuang Kee, by our agent in the Orient.

Instruction was given to our agent while he was in Chicago in March, 1923, to purchase hair nets for our account and the price was not to exceed yuan $2.60 per gross. The merchandise was shipped in part on or about July 28, 1923, invoiced at the price actually paid, viz, yuan $2.45, plus packing. At the time of making entry, and indeed at no time, was there any fact or figure in our possession that would lead us to believe that the market value was any different from the price actually paid and as was shown on the invoice submitted with our entry. No appeal from the action of the appraiser was taken, as we were without any information as to the market value in China other than furnished by our invoice, as our representative in the Orient had his office in Yokohama, Japan, and it was impossible to communicate with him with regard to this matter, and it was problematical when he could be reached and whether his records would have been saved after the Japanese disaster which occurred about this time.

There was no fact of any nature that was concealed from the appraiser, nor any act done that could have tended to deceive him.

Wherefore, we respectfully request the remission and refund of the additional duties collected in this matter.

Respectfully,                              W. LEE HUCKINS,
*Manager of Foreign Department,*
*The John V. Farwell Co.*

Subscribed and sworn to before me this 1st day of November, 1923.
[SEAL]                              WILLIAM E. MANN, *Notary Public.*
My commission expires August 31, 1927.

The petition came on for hearing before General Appraiser Howell at Chicago on January 15, 1924, and thereupon the Government moved to dismiss it on the ground that it was not verified as prescribed by the rules of the board and the provision of the statute. The general appraiser declined to pass on the motion and reserved it for decision by the board. Board 2 of the Board of General Appraisers denied the motion to dismiss, considered the petition on its merits, and found that the importation was entered at a value less than its appraised value without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the mer-

chandise. From that decision the Government appealed and now contends that it was reversible error to entertain the petition and that the petition should have been dismissed because it was not verified as prescribed by the rules of the board. We can not agree with that contention.

Section 489 of the act of 1922 simply prescribes that the petition for the finding therein provided for shall be filed and supported by satisfactory evidence under such rules as the board may prescribe. The rules of the board require the petition to be in writing and verified by the petitioner or some one knowing the facts. The rules specify no particular form of verification, and as the Government is not obliged to answer the petition it is not apparent just why the term "verified" as used in the rules should be given the narrow construction contended for by the appellant.

Tariff laws and rules for their enforcement are primarily addressed to business men and not to lawyers, and unless some other intention is clearly manifest the terms in which such laws are drafted should be given their common ordinary meaning. As commonly understood, the term "to verify," when applied to legal proceedings, means to affirm under oath. See "Verify"—New Standard Dictionary. Even standard *law* dictionaries and *law* works give to the word "verify" a meaning in complete accord with that assigned to it by people in general. According to Bouvier's Law Dictionary, "verify" means the swearing to an affidavit, to confirm and substantiate by oath, or even by argument. Bouvier's Law Dictionary (vol. 3, p. 3394); *De Witt* v. *Swift*, 3 Howard's Practice Reports (N. Y.), 284. But however that may be, the Board of General Appraisers is primarily the judge of its own rules, and if they are open to construction the board's interpretation of them will not be interfered with by this court unless we are satisfied that they are unreasonable or not warranted by the statute. *Ellmaker* v. *Franklin*, 5 Pa. St. 183, 189; *Daily* v. *Green*, 15 Pa. St. 118; *In the matter of Argus Co.*, 138 N. Y. Rep. 557, 567; *Duncan* v. *United States*, 7 Pet. 435, 451.

The judgment of the Board of General Appraisers is *affirmed.*