## UNITED STATES *v.* MACY & CO., INC. (No. 2247)[1]

**1. PETITION.**

A petition is a·request in writing, addressed to a court or judge, praying for the exercise of some judicial power, or to a public officer, requesting the performance of some duty imposed on him by law, or the exercise of some discretion with which he is vested. It makes no difference that such writing calls itself an "application" and not a "petition," for such an instrument is to be tested by what it contains, not by what it is called. Such meaning is given to the petition for remission of additional duties provided for in section 489, Tariff Act of 1922; and the writing at bar, set out in the opinion, though carelessly drawn, is a petition under the section.

**2. BOARD OF UNITED STATES GENERAL APPRAISERS IS A COURT.**

The Board of United States General. Appraisers is a court of the United States of limited and special jurisdiction. Its powers and functions are judicial, its process, forms, and practice are judicial, and its decisions and judgments have the force and conclusiveness of those of other courts.

**3. COURTS—CONSTRUCTION OF RULES.**

Courts, and the Board of United States General Appraisers among them, have a right to construe such of their own rules as are intended for the benefit of the court and to aid in the speedy and efficient discharge of its business; but the construction of rules in which the rights of litigants are materially and substantially involved and upon which they are predicated is a matter of law, and, like all other matters of law, reviewable.

**4. PLEADING, ADOPTION BY REFERENCE.**

Following the general rule of law that a pleading may incorporate within itself other matter by referring to it instead of setting it out *in extenso,* the adoption, in a petition for remission of additional duties under section 489, Tariff Act of 1922, of matter stated in the attached affidavit, makes such matter a part of the petition.

**5. PLEADING, AVERMENTS OF FACT, AND LEGAL CONCLUSIONS.**

Since one may testify to his own intent, an averment in a petition for remission of additional duty under section 489, Tariff Act of 1922, that there was no intention to defraud is an averment of fact and not a statement of a legal conclusion.

**6. TARIFF PLEADINGS.**

Pleadings in tariff litigation are simple, plain, and nontechnical; and the judgment of the Board of United States General Appraisers that a carelessly drawn petition (set out in the opinion) for remission of additional duties under section 489, Tariff Act of 1922, complies with the section and with the board's Rule XXXVI, promulgated in pursuance thereto, is affirmed.

## United States Court of Customs Appeals, November 21, 1925

[Affirmed.]

*William W. Hoppin,* Assistant Attorney General (*Margaret M. Burnet,* special attorney, of counsel), for the United States.

*Sharretts, Coe & Hillis* (*Edward P. Sharretts* of counsel) for appellee.

[1] T. D. 41199.

[Oral argument Oct. 26, 1925, by Mr. Hoppin and Mr. Sharretts]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

The appellee caused to be filed in the office of the chief clerk of the Board of General Appraisers a writing, purporting to be a petition for remission under section 489, Tariff Act of 1922, which writing is as follows:

### Board of United States General Appraisers

In the matter of entry No. 766313, of R. H. Macy & Co. (Inc.) on silk-lined baskets.

### Application for Remission of Penalties

Application is herewith made, under section 489, part 3, Title IV, of the Tariff Act of 1922, for the remission of penalties in the matter above noted, and the facts to be proven are specified in the affidavit herewith annexed.

THAD. S. SHARRETTS,
*Attorney for the Importers.*

| Entry No. | Vessel | Date of entry | Final appraisement |
|---|---|---|---|
| 766313 | Kaga Maru | Oct. 25, 1922 | Nov. 22, 1922 |

### Affidavit

182–R

In re silk-lined baskets.
Entry No. 766313.
Vessel *Kaga Maru.*
Date of entry: October 25, 1922.
Final appraisement: November 22, 1922.

STATE OF NEW YORK,
*City and County of New York,* ss:

I, Otto J. Wise, attorney for R. H. Macy & Co. (Inc.), being duly sworn, depose and say: That I am familiar with the circumstances surrounding the purchase of the merchandise in the matter herein noted, and that I know of my own knowledge and belief that there was never any intention to defraud the revenue of the United States, or to conceal or misrepresent the facts of the case, or to deceive the appraiser as to the value of the merchandise.

OTTO J. WISE.

Sworn to before me this 15th day of December, 1922.
[SEAL.]

J. H. OLSEN,
*Notary Public, Queens County*

On the hearing thereon before the Board of General Appraisers, and before testimony was heard, Government counsel presented his motion orally to dismiss said petition, alleging that it failed to comply with Rule XXXVI of the Board of General Appraisers, which rule is, so far as material, as follows:

Petitions made by importers for remission of additional duties accruing under the provisions of section 489 of the Tariff Act of 1922 shall be in writing and duly

verified by the petitioner, or, if the petitioner be a partnership or corporation, by a member thereof. Every such petition shall be addressed to the Board of General Appraisers and filed in the office of the chief clerk thereof within 60 days from the date of final appraisement. It shall set forth in concise form the facts desired to be proved at the hearing on said petition. A copy thereof shall also be filed with the collector of the port where the case arose, and the collector shall immediately upon receipt of such copy forward the entry and all other papers connected therewith to the board.

The court took the motion, went to a hearing on the merits, and on final decision denied the motion and rendered judgment for appellee on his petition. From that judgment the Government appeals and assigns error on the judgment of the board denying the motion to dismiss. No issue is raised here on the merits. In presenting the matter in this court, counsel for appellant urge two alleged grounds of error, namely, first, that the paper writing filed below was and is, in fact, not a petition; and, second, that the writing does not comply with said Rule XXXVI in that it does not state "in concise form the facts desired to be proved at the hearing on said petition." No question is raised here as to the signature or verification of the alleged petition, or as to the reasonableness and validity of Rule XXXVI. The lack of authority of the signer of the petition was urged before the board, but is abandoned in the brief and argument filed herein. Such questions, therefore, will not be here considered, but the matter will be discussed only as to the issues made by the parties as above stated.

Is the paper writing filed by the importer herein a petition? It is quite apparent that it is very inartificially drawn and lacks much of being such a pleading as a careful and diligent member of the bar would prepare. It is headed "Board of United States General Appraisers," and is entitled an "Application for remission of penalties." In its caption it identifies the entry involved by number, name of importer, and subject matter. It prays for a remission of the additional duties imposed under section 489 of the Tariff Act of 1922. It is signed and verified, and was properly filed in the office of the collector of customs having jurisdiction of the entry, who forwarded the same to the Board of General Appraisers as an "application for remission of additional duties accruing under section 489 of the Tariff Act of 1922."

Reserving, for the time being, the question of whether this paper writing complied in other ways with Rule XXXVI of the board, we are of the opinion it was and is a petition. A petition has been, in law, defined to be a request in writing, addressed to a court or judge, praying for the exercise of some judicial power; or to a public officer, requesting the performance of some duty imposed on him by law, or the exercise of some discretion with which he is vested. *Shaft* v. *Phoenix Mutual Life Insurance Co.*, 67 N. Y. 544 (547); *Bergen* v.

*Jones,* 4 Metc., 371 (376); *Fenstermacher* v. *State,* 25 Pac. 142, 19 Oreg. 405; *Lawrey* v. *Sterling,* 69 Pac. 460 (463), 41 Oreg. 518. We have no doubt this paper comes within the broad definition just given. It is objected that the paper is called an "application" and not a "petition." We do not regard this as a matter of substance. The terms "application" and "petition" are quite often used interchangeably in legal parlance. Such an instrument should be tested by what it contains, not by what it is called. 31 Cyc. 46, n. 35 and cases therein cited.

Having determined this matter, we must next inquire whether the petition sets forth "in concise form the facts desired to be proved at the hearing on said petition."

Preliminary to a consideration of this matter, it is urged by the Government that the alleged facts set forth in·the affidavit attached to the petition are not "set forth * * * in the petition." On the contrary, counsel for importer contend that the said alleged facts are made a part of the petition by reference thereto in the petition itself. We incline to the latter view. The concluding language of the petition is: "the facts to be proven are specified in the affidavit hereto annexed." Without the citation of unnecessary authorities, we think it is the practically general practice of courts in the United States to consider and treat matter thus attached to a pleading and by reference in the pleading sought to be made a part thereof as, in fact, a part of said pleading. This rule has even been held in some jurisdictions as extending to other pleadings filed in the same suit. *Hooker* v. *Worthington,* 46 S. E. 726; *United States* v. *Mass. Bonding and Ins. Co.,* 198 Fed. 923; *Wilson* v. *Hoffman,* 123 Fed. 984.

Treating the affidavit, therefore, as a part of the petition, the petition states, in brief, "that there was never any intention to defraud the revenue of the United States, or to conceal or misrepresent the facts of the case, or to deceive the appraiser as to the value of the merchandise," in the matter of the entry involved here. Is this "setting forth in concise form the facts desired to be proved at a hearing on said petition," as required by Rule XXXVI? The board held it was a substantial compliance therewith.

Section 518 of the Tariff Act of 1922, referring to the Board of General Appraisers, contained this provision:

Said board shall have power to establish from time to time such rules of evidence, practice, and procedure, not inconsistent with law, as may be deemed necessary for the conduct of its proceedings, in securing uniformity in its decisions and in the proceedings and decisions of the members thereof, and for the production, care, and custody of samples and of the records of said board.

By virtue of the authority thereof, the Board of General Appraisers, on October 30, thereafter, adopted and caused to be promulgated Rule XXXVI heretofore quoted. We have uniformly held that

the Board of General Appraisers is a judicial tribunal. *United States* v. *Kurtz et al.*, 5 Ct. Cust. Appls. 144; *United States* v. *McConnaughey Co.*, 13 Ct. Cust. Appls. 112; T. D. 40944. With the enlarged powers which have been conferred upon the board and its members by Congress, we can not doubt that the board is a court of the United States of limited and special jurisdiction. Its powers and functions are judicial, its process, forms, and practice are judicial, and its decisions and judgments have the force and conclusiveness of those of other courts.

The general rule is that courts, having adopted rules, may, within, reasonable limits, construe them. In *Duncan* v. *United States*, 7 Peters, 453 (451), the court had under consideration a question of practice in the Louisiana courts. The court said:

On a question of practice, under the circumstances of this case, it would seem that the decision of the district court, as above made, should be conclusive How can the practice of the court be better known or established than by its own solemn adjudication on the subject?

In *Morrison* v. *Nevin*, 130 Pa. St. 344, a question arose under the rules of the court below. The court said:

As that court is more familiar with its own rules, and the practice under them, than we can possibly be, we would not be disposed to reverse for the reasons specified in the second and fourth assignments, unless it had been clearly made, to appear that said rules had been violated. This has not been done.

Again, in *Bair* v. *Hubartt*, 139 Pa. St. 96, a similar question arose and the court said:

Whether or not it should be so construed was peculiarly for the court below; and all our cases agree that, upon a question of the construction or application of its own rules, a court can be reversed only for manifest and material error.

A similar ruling was made in *Hunter* v. *Union Life Ins. Co.*, 78 N. W. 516:

To this, if it be conceded, for the sake of argument, that the rules of the district court might be applicable, it must be said that the judge who granted the extension of time evidently construed the rules as not requiring a notice of the motion therefor, and they were open to a construction. They were not absolute, and it was not entirely certain that they applied to a motion in such proceedings, and his interpretation of them must be recognized and prevail.

In *United States* v. *Farwell*, 13 Ct. Cust. Appls. 61, T. D. 40883, this court had under consideration a similar question, namely, the verification of a petition under said section 489. The court, speaking through Smith, Judge, said:

But however that may be, the Board of General Appraisers is primarily the judge of its own rules, and if they are open to construction the board's interpretation of them will not be interfered with by this court unless we are satisfied that they are unreasonable or not warranted by the statute.

We would not be understood to hold that in all cases the construction by a court of its own rules is conclusive. The adjudged cases on this subject would seem to limit the right of a court to make such constructions to cases where rules of practice are involved, such rules as are intended for the benefit of the court and to aid in the speedy and efficient discharge of its business, but do not extend to the construction of rules in which the rights of litigants are materially and substantially involved and upon which they are predicated; in such cases the construction placed upon such rules becomes a matter of law, and, like all other matters of law, reviewable. *Missouri, K. & T. Ry. Co.* v. *Kidd,* 146 Fed. 499; *Rathbone* v. *Rathbone,* 4 Pick. 89 (92).

The Board of General Appraisers construed the petition filed in this case as sufficient under Rule XXXVI. With that conclusion, dealing with a matter of practice entirely and not with the substantial rights of either the Government or the importer, we are not inclined to interfere. The petition, while carelessly and loosely prepared, states, in effect, that the petitioner expects to prove on the hearing upon the petition that he had no intention to defraud the revenue of the United States, or to conceal or misrepresent the facts of the case, or to deceive the appraiser as to the value of the merchandise. Counsel for the Government insist these are conclusions of law and not facts, and hence improperly pleaded. This may, or may not, be true.

For aught that appears, there may have been no extraneous facts known to the importer with which he might sustain his petition and he might intend to rest his case on the hearing upon an avowal of good intentions by himself and his business associates. This the importer might do if he so desired. Whether such statements, if made, would have any probative force, was for the board. We have in the recent case of *United States* v. *American Metal Co.,* 12 Ct. Cust. Appls. 440, T. D. 40612, expressed our views as to the effect of such a state of facts. But, irrespective of the final conclusion of the matter, the importer had a right to present such a state of facts to the board. Having such a right, it follows that he might state it in his petition. Thus viewed, his statements therein became and were not conclusions of law but statements of facts which he expected to prove.

It is usually held to be competent for a party to testify to his own intent, where that intent is involved, even in criminal cases. Elliott on Evidence, sec. 2716; Wigmore on Evidence, sec. 581. In civil proceedings the rule is practically universal. In Wigmore on Evidence, section 1965, the author states:

Testimony to one's own intention, or other state of mind, has often been attacked on the ground of what is really a *disqualification by interest* (ante,

sec. 581); i. e., the argument is that, since a person's own intention can be known only to himself, his statement of what it is or was can not be safeguarded by the possibility of exposing its falsity, through the aid either of conflicting circumstances or of opposing eyewitnesses; and that thus the influence of self-interest in falsifying is too dangerous, and that such testimony should consequently be forbidden. This argument has been generally repudiated.

Elliott on Evidence, section 2146, quoting from *Heap* v. *Parrish*, 104 Ind. 36, says:

Where the character of a transaction depends upon the intent of the party, it is competent, when the party is a witness, to inquire of him what his intention was. The evidence of the party as to intent in the transaction is not conclusive; but is to be taken and considered with all the other evidence in the case. Such direct negative testimony, as a matter of law, will not necessarily outweigh the evidence of facts and circumstances tending to prove such intent.

In the consideration of this matter, as in all matters of litigation arising under our tariff laws, it must always be borne in mind that the proceedings under such laws are intended for business men. The requirements and subtleties of pleading under the common law have never been held to apply to proceedings before the Board of General Appraisers. Such pleadings as are provided by law in such cases are simple, plain, and not of a technical nature. Section 489, and the practice provided by it, well illustrates this. All that is required to initiate a proceeding thereunder is the filing of a petition. No process is provided for and the Government is not required to answer or otherwise plead to said petition. Yet without any such pleading the Government may on the hearing make any showing within its power that when entry was made there was an intent to defraud the revenue of the United States or to conceal or misrepresent the facts in the case or to deceive the appraiser as to the value of the merchandise imported. It is argued by the Government counsel that the petitioner should set forth fully the facts he expects to prove, that the Government may be enabled to prepare for trial. The impelling reason for certainty and exactness in stating a cause of action which existed at common law, namely, that the defendant might thus be enabled to plead his defense the better, does not exist here. Common-law pleadings were intended to finally determine and define the exact issue between the parties, that the court might not be compelled to examine a mass of extraneous and irrelevant matters in order to do justice to the parties litigant, but here the issue is plain and easily understood and it requires no great nicety of pleading to set it forth.

The merits of the case not being involved here, we conclude there is no error in the record and the judgment of the court below is *affirmed.*