## UNITED STATES *v.* BRACHER & CO. ET AL. (No. 2572)[1]

1. PETITION FOR REMISSION—PLEADING, ADOPTION BY REFERENCE.

A writing filed with the Board of United States General Appraisers asking for the remission of additional duty imposed for undervaluation under section 489, Tariff Act of 1922, is a petition under the section, notwithstanding that it calls itself an application. *United States* v. *Macy & Co.*, 13 Ct. Cust. Appls. 245, T. D. 41199. Its adoption by reference of matter contained in "annexed affidavit" makes such matter part of the petition.—Id.

2. BOARD'S PROCEDURAL RULES NOT JURISDICTIONAL—WAIVER BY TRIAL WITHOUT OBJECTION AND BY JUDGMENT—JEOFAILS.

Rule XXXVI of the Board of United States General Appraisers requires petitions under section 489, Tariff Act of 1922, for remission of additional duty imposed for undervaluation to be verified. The authority granted by the section to the board to make rules governing such petitions and their trial does not make purely procedural rules jurisdictional; and the question of whether or not the petition was verified was waived by the board by a judgment on the merits and by the Government by trying the case without objection. R. S. 954 (jeofails) directing amendments by the court of formal defects cures the lack if the petition was not verified; and it does not require a demurrer.

United States Court of Customs Appeals, January 18, 1926

APPEALS from Board of United States General Appraisers, G. A. 8940 (T. D. 40690), and Abstracts 48907, 48908, 48909, 48910, 48911, and 48912

[Affirmed.]

*William W. Hoppin* and *Charles D. Lawrence*, Assistant Attorneys General (*Jerome G. Clifford*, special attorney, of counsel), for the United States.
*Sharretts, Coe & Hillis* (*Edward P. Sharretts* of counsel) for appellees.

[Oral argument October 27, 1925, by Mr. Lawrence and Mr. Sharretts]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BLAND, Judge, delivered the opinion of the court:

The petition for review in this case, filed by the Government, prays that this court review questions involved in eight cases relating to remission of additional duties, referred to and described in Schedule A annexed to the petition, which is as follows:

*Schedule A.—Subject: Remission of additional duties*

| Petition No. | Importer | Port | Decided | Entered | Date of entry | Entry No. |
|---|---|---|---|---|---|---|
| 1723-R___ | A. J. Bracher & Co__ | New York____ | Feb. 24, 1925 | Feb. 24, 1925 | Jan. 21, 1924 | B26130 |
| 1850-R___ | F. W. Woolworth Co_ | Philadelphia__ | Mar. 6, 1925 | Mar. 7, 1925 | May 7, 1924 | 12866 |
| 1809-R___ | The Georgette Hat Co. | New York____ | ____do_____ | ____do_____ | May 8, 1924 | 892973 |
| 1803-R___ | R. H. Macy & Co. (Inc.). | ____do_____ | ____do_____ | ____do_____ | {Mar. 8, 1924 Feb. 13, 1924 Mar. 24, 1924 | 856590 842904 865829 |
| 1735-R___ | G. Nakayama_____ | ____do_____ | ____do_____ | ____do_____ | Nov. 14, 1922 | B62708 |
| 1839-R___ | Novotny's Smoke Shop. | ____do_____ | ____do_____ | ____do_____ | {Apr. 23, 1924 Apr. 2, 1924 | 889687 876218 |
| 1929-R___ |  |  |  |  |  |  |
| 1736-R___ | Schwarz & Levy (Inc.). | New York____ | Mar. 6, 1925 | Mar. 7, 1925 | Jan. 16, 1924 | 825278/1 |

[1] T. D. 41344.

(The names of the vessels carrying the.importations listed on the foregoing schedule, as appears in the record, are omitted by us)

In this court, at the time of oral argument, appeals on petitions numbered 1735–R, 1839–R, and 1929–R were dismissed by stipulation of the parties.

In all five cases, before us now, the petitions are almost identical in form, except as to the names of the parties, entry numbers, and as to the particular facts set out therein, upon which the petitioners rely for remission of additional duties. For the purpose of this case, and the questions involved in the decision of the same, it may be said that the petitions are identical.

Petition 1723–R, in the first case appearing in the record, is as follows:

### PETITION 1723–R

#### BOARD OF U. S. GENERAL APPRAISERS

In the matter of warehouse bond entry #26130 of A. J. Bracher & Co. % Tientsin Trading Co.

#### *Application for remission of penalties*

Application is herewith made under section 489, part 3, Title IV, of the Tariff Act of 1922, for the remission of penalties in the matter above noted, and the facts to be proven are specified in the affidavit herewith annexed.

SHARRETTS, COE & HILLIS,
*Attorneys for the Importers.*

| Entry No. | Vessel | Date of entry | Date of final appraisement |
|---|---|---|---|
| B.26130 | C'wise | Jan. 21, 1924 | Mar. 27, 1924 |

(Indorsed:) Received May 22, 1924. Board of U. S. General Appraisers, D. P. Dutcher, Chief Clerk.

STATE OF NEW YORK,
  *City and County of New York, ss:*

I, Ralph G. Solomon, being duly sworn, depose and say: That I am a member of the Tientsin Trading Company; that I am familiar with the circumstances surrounding the purchase of the merchandise in the matter herein noted.

That on or about January 30th, we presented for the consideration of the appraiser the invoice and all papers and documents and information available, relative to the value of the merchandise, and that upon the information furnished by the appraiser, instructions were given to our customs brokers for the making of the entry.

That the merchandise consists of various articles invoiced at prices actually contracted for. We had no information from any source whatsoever that such prices did not represent the true wholesale foreign market value. It is our practice, before entering, to make inquiries relative to the true wholesale market value, and in connection with this shipment we were not in possession of any definite information that there had been any change in the market value since the date of shipment.

That there was never any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise.

RALPH G. SOLOMON.

STATE OF NEW YORK,

*City and County of New York, ss:*

On this 21st day of May, 1924, before me personally came Ralph G. Solomon, to me known and known to me to be the individual described in and who executed the foregoing instrument, and he duly acknowledged to me that he executed the same.

[SEAL.]                                      SAMUEL T. SIEGEL,

*Notary Public, New York County, No. 248.*

New York Register No. 6109.

Before the court below no question was raised as to the insufficiency of the petitions. Board 1, as evidenced by its decisions, very carefully considered the question of the sufficiency of the petitions, and, by a majority opinion, held the petitions to be sufficient, and upon the merits of each case granted the prayer of petitioners for the remission of additional duties.

While the Government, appellant, has assigned the granting of the relief prayed for in the petitions as error, it has not referred to that point, either in its brief or in argument before this court, and expressly states the issue here to be whether or not the application herein constitutes a petition for the remission of additional duties within the meaning of Rule XXXVI of the Board of General Appraisers. Appellees do not, in any way, discuss the merits of the case, and state, in their brief, that the appellant does not question the correctness of the board's decision on the merits.

The Government contends that the alleged petitions are not petitions such as are required by statute and points out the fact that they are headed an "application;" that the application itself, signed by the attorneys, contains no facts, and that the attached writing styled, by the applicant, an affidavit, when considered a part of the application, does not meet the requirements of a petition, because of insufficient facts stated and for the reason that it is not properly verified, as is required by said Rule XXXVI of the Board of General Appraisers, the pertinent part of which is as follows, to wit:

Petitions made by importers for remission of additional duties accruing under the provisions of section 489 of the Tariff Act of 1922 shall be in writing and *duly verified by the petitioner;* or if the petitioner be a partnership or corporation by a member thereof or by anyone knowing the facts. Every such petition shall be addressed to the Board of General Appraisers and filed in the office of the chief clerk thereof at any time after final appraisement, but not later than 60 days after final liquidation. It shall set forth in concise form the facts desired to be proved at the hearing on said petition. (Italics ours.)

It seems to us that we have at least four questions properly presented for our decision. First, are they petitions? Second, are they verified? Third, if not verified, is this fact fatal to the validity of

the judgment of the board? Fourth, is the proof of the merits satisfactory within the meaning of section 489 of the Tariff Act of 1922?

In a recent case decided by this court, *United States* v. *Macy & Co.*, 13 Ct. Cust. Appls. 245, T. D. 41199, a petition in all substantial respects identical with the ones involved in controversy here, except as to verification, was held by this court to be sufficient. In that case, the claimed insufficiency of the petition was called to the attention of the board by a motion to dismiss on the part of the Government, and before this court, upon appeal, the Government's contention was substantially what it is in the case at bar. In that case, the court took occasion to point out that the petition was very inartificially drawn and then used the following language:

It is headed "Board of United States General Appraisers," and is entitled an "application for remission of penalties." In its caption it identifies the entry involved by number, name of importer, and subject matter. It prays for a remission of the additional duties imposed, under section 489 of the Tariff Act of 1922. It is signed and verified, and was properly filed in the office of the collector of customs having jurisdiction of the entry, who forwarded the same to the Board of General Appraisers as an "application for remission of additional duties accruing under section 489 of the Tariff Act of 1922."

Reserving, for the time being, the question of whether this paper writing complied in other ways with Rule XXXVI of the board, we are of opinion it was and is a petition. A petition has been, in law, defined to be a request in writing, addressed to a court or judge, praying for the exercise of some judicial power, or to a public officer, requesting the performance of some duty imposed on him by law, or the exercise of some discretion with which he is vested. *Shaft* v. *Phoenix Mutual Life Insurance Co.*, 67 N. Y. 544 (547); *Bergen* v. *Jones*, 4 Metc. 371 (376); *Fenstermacher* v. *State*, 25 Pac. 142, 19 Oreg. 405; *Lawrey* v. *Sterling*, 69 Pac. 460 (463), 41 Oreg. 518. We have no doubt this paper comes within the broad definition just given. It is objected that the paper is called an "application" and not a "petition." We do not regard this as a matter of substance. The terms "application" and "petition" are quite often used interchangeably in legal parlance. Such an instrument should be tested by what it contains, not by what it is called (31 Cyc. 46, n. 35), and cases therein cited

In the above cited case, the body of the affidavit then under consideration was as follows:

I, Otto J. Wise, attorney for R. H. Macy & Co., Inc., being duly sworn, depose and say: That I am familiar with the circumstances surrounding the purchase of the merchandise in the matter herein noted, and that I know of my own knowledge and belief that there was never any intention to defraud the revenue of the United States, or to conceal or misrepresent the facts of the case, or to deceive the appraiser as to the value of the merchandise.

Treating the affidavit as a part of the petition, the court held that the petition stated in brief "that there was never any intention to defraud the revenue of the United States, or to conceal or misrepresent the facts of the case, or to deceive the appraiser as to the value of the merchandise," and that this statement of facts, having been construed by the board to be a compliance with its Rule XXXVI,

will be regarded as a compliance with such rule when questioned in this court.

It seems that the above cited case squarely answers the first question in the affirmative, and since the board in the case at bar held the petitions to be verified within the meaning of its rule, it may be argued that it also answers the second question.

The second question is whether the petitions have been properly verified under the rule. Our answer to the third question will make the answer to the second one unnecessary, and we do not answer it.

We think, under all the circumstances before us, if they were not verified, as is contended by the Government, that this fact would not be fatal to the validity of the judgment. We do not pass upon the question as to whether the board may or may not make and enforce rules requiring petitions for remission of additional duties to be verified. Under the state of the record before us, we do not think the lack of verification, if they do lack verification, can enable the Government to successfully assail the judgment of the board, which we are called upon to review. Among other considerations that bring us to this conclusion is the fact that no question was raised as to the verification, in the court below, by the parties litigant. That they were accepted, by the Government, at the hearing, as proper petitions, and as complying with the rules, is evidenced by the fact that no objection to their form was made by the Government, and no objection was made to the introduction of evidence upon them by appellees. *Liverpool & London Ins. Co.* v. *Gunther* 116 U. S. 113–126. In three of the cases the same individual who signed the alleged affidavits testified, under oath, at the hearing, to facts regarded by the board as sufficient to support the petitions, and in two instances, while the parties who signed the affidavits did not testify, others connected with the firms with which the affiants belonged did testify to facts, regarded by the board as sufficient to support the petitions.

The board found that appellees, in each case, had supported the burden required by the statute and gave judgment for the remission of additional duties. Any defects of form in the petitions under these circumstances, in our judgment, would not invalidate the judgment of the board. *Meyer & Lange et al.* v. *United States*, 4 Ct. Cust. Appls. 422; *Stockton et al.* v. *Bishop*, 4 How. 155; *Roach.* v. *Hulings*, 16 Pet. 319; *Bell* v. *The Mobile & Ohio R. R. Co.*, 4 Wall. 598.

If it were conceded that the petitions were unverified, the board's waiver of violation of Rule XXXVI, under the circumstances in this case, does not render invalid the judgment rendered by the

board upon the petitions as it would in a case where the rule waived
or violated by the board was mandatory or jurisdictional, and where
substantial rights of either of the parties had been injuriously affected.
*Mutual Building, etc.* v. *Bossieux,* Fed. Cas. No. 9977; vol. 17;
*Wallace* v. *Clark,* Fed. Cas. No. 17098, vol. 29; *Russell* v. *McLellan,*
Fed. Cas. No. 12158, vol. 21; See Corpus Juris, vol. 15, pp. 912–913,
and cases cited.

The United States Board of General Appraisers is a judicial tri-
bunal and as such its pleadings and processes are subject to the
provisions of the jeofail statute passed by Congress in 1789 which
is now section 954 of the Revised Statutes, and which reads as follows:

Sec. 954. (Defects of form-amendments.)—No summons, writ, declaration,
return, process, judgment, or other proceedings in civil causes, in any court of
the United States, shall be abated, arrested, quashed, or reversed for any defect
or want of form; but such court shall proceed and give judgment according as
the right of the cause and matter in law shall appear to it, without regarding
any such defect, or want of form, except those which, in cases of demurrer, the
party demurring specially sets down, together with his demurrer, as the cause
thereof; and such court shall amend every such defect and want of form, other
than those which the party demurring so expresses; and may at any time permit
either of the parties to amend any defect in the process or pleadings, upon such
conditions as it shall, in its discretion and by its rules, prescribe.

This statute, unamended, has been in full force from the date of
its approval until this hour, and has been frequently applied, by
Federal courts, to defects of forms in pleadings, in cases similar to
the ones at bar, for the purpose of carrying out the intent of Congress
n the enactment of the same, which was to prevent the loss of a
litigant's rights for mere want of form.   *Stockton* v. *Bishop, supra;*
*Meyer & Lange et al.* v. *United States, supra; Roach* v. *Hulings, supra.*

It is argued that no demurrer was filed and that section 954,
*supra,* contemplates the filing of a demurrer.   No demurrer, under
the rules of the board, is required.   This indicates what we regard as
a proper attitude on the part of the board in giving assurance to
litigants that their substantial rights will not be prejudiced for the
mere sake of form or technicality.

A motion, or an objection, interposed at the proper time, in the
case at hand, would no doubt have enabled the trial court to make or
permit amendment, if deemed necessary; and this would have en-
abled the board to quickly reach and settle the merits of the con-
troversies.   No demurrer, or motion to dismiss, or other objection
was made.   Under section 954, R. S., the board's judgments should
not be successfully assailed in this court on the grounds that the
petitions were not verified.

In support of its contention that the rule requiring verification can
not be violated or waived, the Government has cited *Lunham* v.
*United States,* 1 Ct. Cust. Appls. 220; *Boske* v. *Comingore,* 177

U. S. 459; *Smith* v. *Whitney et al.*, 116 U. S. 167–181; *ex parte Reed*, 100 U. S. 13–22, and other cases, the holdings of which are similar in many respects. In this class of cases this court, and other courts, have held that rules and regulations made by an executive or administrative department of the Government, under authority granted by Congress, have the force and effect of law, and can not be waived or violated.

In *United States* v. *Morris European & American Express Co.*, 3 Ct. Cust. Appls. 146, where the Treasury Department, by statute, had been authorized to make rules and regulations governing the admittance to free entry of antiques, this court held that the filing of the affidavits, as prescribed by the rules, *were conditions precedent to entry*, and that such rules must, therefore, be complied with.

It is easy to discover a marked distinction between the force and effect of rules and regulations, made under the authority of Congress, by an executive department of the Government, to be complied with by an official of the Government (for instance the collector, as in the last cited case), and procedural rules made by a Federal court, either under its inherent powers to make rules, or under the general powers conferred upon it in the statute of its creation, or under powers specially granted to it in connection with the matter involved, as in the instant case.

In section 489 we believe Congress meant to give the Board of General Appraisers rather broad powers in connection with making rules to bring about the proper application of the remedy conferred by the statute. We do not believe, however, that in connection with rules, purely procedural, for the convenience of the court in carrying out the provisions of the section, Congress meant that such rules, when so made, should be regarded as jurisdictional or mandatory, and of such force and sanctity that their waiver or violation, by the court itself, would render invalid its judgment.

On the merits of the petitions, we have examined the testimony and conclude that the action of the board thereon, in ordering remission of additional duties, was proper. The judgment of the United States Board of General Appraisers, in each of the foregoing cases, is *affirmed*.