BEFORE THE THIRD DIVISION, JANUARY 17, 1939

No. 40459.—Petitions 5705–R, etc., of General Dyestuff Corporation (New York).

EVANS, Judge: This matter is before the court on a motion to dismiss the petitions for remission on the ground that they fail to comply with rule 29 of the rules of this court and section 489 of the Tariff Act of 1930.

The petitions and supporting affidavits are in the following language:

Your petitioner, the GENERAL DYESTUFF CORPORATION, a corporation proceeding under the provisions of Section 489 of the Tariff Act of 1930, and Rule 29 of the Rules of the United States Customs Court, respectfully applies for the remission of additional duties accruing in connection with the importation scheduled below.

Your petitioner alleges that the entry of the instant merchandise, at a less value than that returned upon final appraisement, was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the Appraiser as to the value of the merchandise.

WHEREFORE, your petitioner prays that the relief herein demanded may be granted.

E. K. Halbach, being duly sworn, deposes and says:

That he is the President of the Plaintiff in the above entitled petition; that the foregoing petition is true to the knowledge of deponent, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters he believes it to be true.

It is claimed that the provision of rule 29, *supra*, are mandatory, particularly in that—

* * * The petition shall set forth in concise form the relief sought and the facts desired to be proved at the hearing before the court.

This same question was raised by the Government in a case that was carried to the Court of Customs and Patent Appeals in 1925. In the case of *United States* v. *Macy*, 13 Ct. Cust. Appls. 245, T. D. 41199, we find this language at p. 250:

The Board of General Appraisers construed the petition filed in this case as sufficient under Rule XXXVI. With that conclusion, dealing with a matter of practice entirely, and not with the substantial rights of either the Government or the importer, we are not inclined to interfere. The petition, while carelessly and loosely prepared, states, in effect, that the petitioner expects to prove on the hearing upon the petition that he had no intention to defraud the revenue of the United States, or to conceal or misinterpret the facts of the case, or to deceive the appraiser as to the value of the merchandise. Counsel for the Government insist these are conclusions of law and not facts, and hence improperly pleaded. This may, or may not, be true.

For aught that appears, there may have been no extraneous facts known to the importer with which he might sustain his petition and he might intend to rest his case on the hearing upon an avowal of good intentions by himself and his business associates. This the importer might do if he so desired. Whether such statements, if made, would have any probative force, was for the board. We have in the recent case of *United States* v. *American Metal Co.*, 12 Ct. Cust. Appls. 440, T. D. 40612, expressed our views as to the effect of such a state of facts. But, irrespective of the final conclusion of the matter, the importer had a right to present such a state of facts to the board. Having such a right, it follows that he might state it in his petition. Thus viewed, his statements therein became and were not conclusions of law but statements of facts which he expected to prove.

It will be observed that the Government in that case, as in this, insisted that the allegation of the petition that the entry in question was "without any intent to defraud the revenue of the United States, or to conceal or misrepresent the facts of the case, or to deceive the appraiser as to the value of the merchandise," was a conclusion of law and not of fact. Not being an allegation of fact, the Government contended there and here, it did not comply with either the rule or the

statute. The appellate court did not agree with this contention. On the contrary, it held that such statements were allegations of facts to be proven.

In the case of *United States* v. *Bracher*, 13 Ct. Cust. Appls. 432, T. D. 41344, the court states at p. 438:

It is easy to discover a marked distinction between the force and effect of rules and regulations, made under the authority of Congress, by an executive department of the Government, to be complied with by an official of the Government (for instance the collector, as in the last cited case), and procedural rules made by a Federal court, either under its inherent powers to make rules, or under the general powers conferred upon it in the statute of its creation, or under powers specially granted to it in connection with the matter involved, as in the instant case.

In section 489 we believe Congress meant to give the Board of General Appraisers rather broad powers in connection with making rules to bring about the proper application of the remedy conferred by the statute. We do not believe, however, that in connection with rules, purely procedural, for the convenience of the court in carrying out the provisions of the section, Congress meant that such rules, when so made, should be regarded as jurisdictional or mandatory, and or such force and sanctity that their waiver or violation by the court itself, would render invalid its judgment.

Even though the court were sympathetic to the theory advanced by the Government with reference to such allegations in a petition, we believe we ought not at this late date to adopt a view contrary to that expressed in the *Macy* case, *supra*. It is true that the ruling therein seems to be based largely upon the fact that the United States Customs Court had held the pleading sufficient and therefore the appellate court ought to follow this court's construction of its own rule. Nevertheless, for more than a decade the practice in this court has conformed pretty generally to the rule as stated in said case.

Furthermore, since intent is the controlling element in such cases, we are of the opinion that the appellate court stated a correct rule wherein it said that the good intention may be the only fact upon which an importer can rely and therefore an allegation of that fact in the language cited is sufficient.

For the reasons above stated the motion of the Government to dismiss the petitions as insufficient is denied.