Before the Second Division, September 6, 1939

**No. 42069.**—Petitions 5802–R, etc., of N. Y. Merchandise Co., Inc. (Seattle and Los Angeles).

Kincheloe, Judge: These are petitions filed under the provisions of section 489 of the Tariff Act of 1930 praying for the remission of additional duties accruing under that section by reason of the final appraised value of certain earthenware imported from Japan and entered at the ports of Seattle and Los Angeles exceeding the entered value.

When the cases were called for hearing counsel for the petitioner moved that they be consolidated for the purposes of trial to which there was no objection offered by counsel for respondent, whereupon the order of consolidation was issued by the court.

At the trial counsel for respondent moved to dismiss the petitions on the ground that they do not comply with rule XXIX of this court, and therefore are insufficient. Said rule XXIX, so far as pertinent, reads as follows:

* * * The petition shall set forth in concise form the relief sought and the facts desired to be proved at the hearing before the court.

The petitions, which were prepared in identical language except for the statement relating to the port where entry was made, read as follows:

To the Honorable, UNITED STATES CUSTOMS COURT:

1. Your Petitioner, NEW YORK MERCHANDISE Co., INC., respectfully represents that it is a corporation; that its principal place of business is at New York.

2. That they are the actual owners, importers, or consignees of the merchandise.

3. The entry of the merchandise herein at a less value than that returned upon final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the Appraiser as to the value of the merchandise.

4. That your petitioner and those employed by it in connection with the importation and entries here in question believed that the entered value was the correct dutiable value required by law.

5. That your petitioner's belief that its entered value was correct was based upon its knowledge and experience of market conditions, the knowledge and experience of those in its employ and to such inquiries as were compatible with the nature of its business, the time at its disposal and the circumstances of the case.

6. That neither your petitioner nor anyone employed by it in connection with the importation and entry here in question, had any knowledge at the time of entry, or at any time prior thereto, of any foreign value or export value in the country of exportation at the time of exportation, for the merchandise in question higher than the value at which the merchandise was entered.

7. Wherefore your petitioner respectfully requests that an order be issued to the collector of customs at the port of Seattle, Washington, directing that the additional duties accruing under the provisions of section 489 of the Tariff Act of 1930 be remitted.

The ruling of this court in the matter of *General Dyestuff Corporation* v. *United States* (Abstract 40459), wherein a motion to dismiss was made for reasons identical with those stated herein, is equally applicable in the instant case. Following the cited decision we deny the motion to dismiss. See also *United States* v. *Macy* (13 Ct. Cust. Appls. 245, T. D. 41199) and *United States* v. *Bracher* (13 Ct. Cust. Appls. 432, T. D. 41344). An exception to the said ruling is allowed counsel for respondent.

The assessment of additional duties in these cases resulted in an advance in the value of packing charges over the entered value of such charges. There was no question concerning the *per se* value of the merchandise. Entry was made at the invoice values for packing charges, and the appraiser advanced such values to meet what he considered to be the "cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States." Appeals to reappraisement were filed by the importer, but they were later abandoned after the legal issue raised by the advance made by the appraiser, to wit: whether the said official acted within the scope of his authority in advancing the value of packing charges, had been finally decided by the United States Court of Customs and Patent Appeals in favor of the Government's contention. See *United States* v. *F. W. Woolworth Co.* (22 C. C. P. A. 184, T. D. 47126).

It must be borne in mind that duty was *assessed* and *paid* by the importer on the *higher* value found by the appraiser; and that the issue in this case relates *only* to the remission of additional duties which were imposed pursuant to the provisions of section 489 of the Tariff Act of 1930.

The burden placed upon the petitioner herein is to show in entering his imported merchandise at a less value than that returned upon final appraisement, he did so without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise.

The import manager of the petitioner corporation testified it has been part of his duties for the past 15 years to enter said corporation's imported merchandise; that he supervised the entries of the merchandise in question; that he instructed his customs brokers at the ports of Seattle and Los Angeles where the instant merchandise was entered to make entry thereof at the invoice values; and that in so doing he followed a procedure accepted at the port of New York where he had made previous entries covering merchandise identical with that involved herein. Said witness further testified that the said practice in entering this class of merchandise was adopted only after he made an investigation in Japan, the country of exportation of the merchandise in question, and after he had consulted with the appraiser at the port of New York concerning entries of such merchandise.

We have carefully considered this entire record and closely observed the demeanor of the witness while on the stand testifying in this case and we are of the opinion that the petitioner has established that in entering this merchandise at the invoice values, which proved to be lower than the proper dutiable values, it did so without any intention on its part to defraud the revenue of the United States, or to conceal or misrepresent the facts, or to deceive the appraiser as to the value of the merchandise.

The petitions are therefore granted. Judgment will be rendered accordingly.