Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the invoice should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on the entry. The protest was sustained to this extent.

**No. 50977.**—Protest 74531–K of Reichard Coulston, Inc. (Boston).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88. C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of invoice 1224 covered by entry 11252 should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on the entry. The protest was sustained to this extent.

**No. 50978.**—Protests 946973–G, etc., of Geo. Borgfeldt Corp., et al. (New York).

Opinion by EKWALL, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE FIRST DIVISION, MARCH 29, 1946

**No. 50979.**—Protest 92253–K of Fung Chong Co. (San Francisco).

Opinion by COLE, J. It was stipulated that certain items of the merchandise consist of a commodity the same in all material respects as that passed upon in *Quong Yuen Shing Co.* v. *United States* (31 C. C. P. A. 43, C. A. D. 247). On the stipulated facts the merchandise, which includes salt as a substantial component part thereof, was excluded from paragraph 5 and held dutiable at 20 percent under paragraph 1558 as claimed.

**No. 50980.**—Protests 76423–K, etc., of Columbia Co. et al. (San Francisco).

Opinion by COLE, J. It was stipulated that certain items of the merchandise

consist of a commodity the same in all material respects as that passed upon in *Quong Yuen Shing Co.* v. *United States* (31 C. C. P. A. 43, C. A. D. 247): On the stipulated facts the merchandise, which includes salt as a substantial component part thereof, was excluded from paragraph 5 and held dutiable at 20 percent under paragraph 1558 as claimed.

**No. 50981.**—Protest 985847–G of Chong Sing & Co. (San Francisco).

Opinion by COLE, J. The uncontradicted testimony of the customs examiner established that the articles described on the invoice as "28—6 cases, paper snake" are in fact novelties, being "in no sense a toy." They are made to simulate a snake, consisting of a head composed of earthenware or clay and a paper body, suspended from a little bamboo stick by a small black thread, and are used at carnivals or beaches. The articles in question were held dutiable at 45 percent under paragraph 409 as claimed. It was stipulated that certain items of the merchandise consist of a commodity the same in all material respects as that passed upon in *Quong Yuen Shing Co.* v. *United States* (31 C. C. P. A. 43, C. A. D. 247). On the stipulated facts said merchandise, which includes salt as a substantial component part thereof, was excluded from paragraph 5 and held dutiable at 20 percent under paragraph 1558.

BEFORE THE FIRST DIVISION, APRIL 3, 1946

**No. 50982.**—Petition 6412–R of G. J. Kluyskens (Baltimore).

Opinion by OLIVER, P. J. The attorney for the Government moved to dismiss the petition on the ground that it did not comply with the requirements of rule 29 of the Customs Court in that it contained no statement of facts showing what petitioner intended to prove. This motion, taken under advisement, was denied, following *United States* v. *Macy* (13 Ct. Cust. Appls. 245, T. D. 41199) and Abstract 40459. From the record it appeared that the petitioner knew that similar merchandise had a higher market value but did not disclose the information to the appraiser. The petitioner's position was that the cables and correspondence exchanged between petitioner and the exporter pertaining to this particular shipment did not state that a definite advance would be made on all shipments but simply indicated a possibility. It was held that it is the duty of a petitioner when he makes entry to give to the appraising officer all information which he may possess as to the dutiable value of the goods covered by the entry. (*National Biscuit Co.* v. *United States*, 20 C. C. P. A. 395, T. D. 46187, followed.) The petition was therefore denied.

BEFORE THE SECOND DIVISION, APRIL 3, 1946

**No. 50983.**—Protests 120661–K, etc., of J. & A. Manufacturing Co. et al. (New York).

Opinion by LAWRENCE, J. The protests were dismissed.