(C. D. 374)

WILLIAM GOODACRE & SONS, LTD., ET AL. *v.* UNITED STATES

United States Customs Court, Second Division

(Date, September 4, 1940)

*Barnes, Richardson & Colburn* (*Howard Carter* of counsel) for the plaintiffs.
*Webster J. Oliver*, Assistant Attorney General (*Joseph E. Weil*, special attorney), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges; TILSON, J., dissenting

KINCHELOE, Judge: Motions have been made herein for the amendment of the protests in question under section 518 of the Tariff Act of 1930 and rule 9 (2) of the rules of this court. Protests 765132–G and 785088–G, as originally filed, make the following claim:

All dutiable merchandise covered by the entry or entries below named is, by virtue of treaty or trade agreement with the country of exportation or Section 350 (a) of the Tariff Act of 1930 as amended, entitled to a reduction of 20 per centum of the rates of duty or tax provided by law or to the benefit of such reduced rate as is specified in any treaty or trade agreement. No higher or other duty or tax is assessable than is payable on like articles, the product of the soil or industry of any other foreign country. It is specifically claimed that any so-called internal revenue tax or other tax on imported merchandise is in fact and law a duty and is entitled to reduction as aforesaid. Any merchandise enumerated in Schedule II of the trade agreement published in Treasury Decision 47232 is subject to no higher duty than specified in Column 2 of said Schedule II.

In protest 765132–G the motion to amend reads:

It is further and alternatively claimed that the cocoa fiber mats assessed for duty at 12 cents per square foot under par. 1022, Tariff Act of 1930, as amended by the Presidential Proclamation contained in T. D. 46047, are dutiable at only 90% ad val. under par. 1529 (a) of the Tariff Act of 1930.

In protest 785088–G the proposed amendment reads:

It is further and alternatively claimed as to rubber balloons assessed for duty at 70% ad val. under par. 1513, that they are properly dutiable at only 45% ad val. under par. 409 of the Tariff Act of 1930.

Protest 886265–G, as originally filed, reads:

Protest is hereby made against your ascertainment and liquidation of duties or taxes on all merchandise covered by the entries named below. Said merchandise is, by virtue of treaty or trade agreement with the country of exportation or Section 350 (a) of the Tariff Act of 1930 as amended, entitled to a reduction of 20 per cent of the rates of duty or tax provided by law or to the benefit of such reduced rate as is specified in any treaty or trade agreement.

It is specifically claimed that any so-called internal Revenue Tax or other tax on imported merchandise is in fact and law a duty and is entitled to reduction as aforesaid. Any merchandise enumerated in Schedule II of the trade agreement published in T. D. 47232 is subject to no higher duty than specified in column 2 of said Schedule II. In any event no higher or other duty or tax is assessable than is payable on like articles the product of the soil or industry of any other foreign country.

The proposed amendment reads:

We claim that rubber balloons assessed at 70% are properly dutiable at 45% under Par. 409 of the Tariff Act of 1930.

The Government has opposed the motions to amend the protests herein on the ground that they state entirely new and distinct causes of action which are barred by section 514 of the Tariff Act of 1930.

The brief of the Government covers specifically protest 765132–G, but at the hearing it was agreed between counsel that that protest was representative of all three protests herein, by which we presume was meant that the principle of law involved is the same in all three cases. At any rate all the protests as originally filed make the same claim as to the benefit of a 20 per centum reduction on all the dutiable merchandise in the importations by virtue of said trade agreement with Cuba (T. D. 47232), and there seems to be no question but that the said amendments cover and relate to merchandise covered by the original protests.

So far as we can see the question of the right of this court to grant the amendments of the protests herein has already been fully passed on in the case of *United States* v. *Macksoud Importing Co. et al.*, 25 C. C. P. A. 44, T. D. 49041, wherein the original protests as filed were against the action of the collector in assessing duty on certain imported merchandise at 90 per centum ad valorem under paragraph

1529 of the Tariff Act of 1930, and claimed the merchandise dutiable alternatively under various paragraphs of said act. Motions were made therein to amend the protests by adding the claim that the collector improperly converted the currency of the invoices, etc., which motions were granted by this court. Our appellate court sustained such action, and, in doing so, stated among other things, as follows:

Section 518 of the Tariff Act of 1930 specifically provides that the United States Customs Court may in its discretion and under such rules as it may prescribe, permit amendments to protests. It is obvious that it was the purpose of the Congress to permit such amendments only after the collector had lost, and the Customs Court had obtained, jurisdiction of such protests. Therefore, the Congress could not have contemplated that the averments contained in such amendments would aid the collector in reviewing his decision, or that the matter contained in such averments was in the mind of the protestant at the time the original protest was filed.

It certainly was not the purpose of the Congress to limit the operation of the quoted provisions of section 518, *supra*, to amendments for corrections of defects in form only, because, under the statute of *jeofails*—section 954 of the Revised Statutes (sec. 777, title 28, U. S. C.)—the United States Customs Court already had authority to correct "any defects or want of form" in pleadings, and in proc esses issued by it. *United States* v. *Bracher & Co., et al.,* 13 Ct. Cust. Appls. 432, 437, T. D. 41344. See also *United States* v. *Monsanto Chemical Works,* 21 C. C. P. A. (Customs 33, 39), T. D. 46377. Nor do we believe that it was the intention of the Congress to limit amendments to statements of fact which merely amplify claims contained in protests, because, under the law, claims made in protests must be sufficiently definite and specific to inform the collector of the objections to his decision.

\* \* \* \* \* \* \*

Why, then, should the Congress provide for amendments to protests, after the United States Customs Court has obtained jurisdiction, unless it was its purpose to give that court the power, in its discretion and under such rules as it might prescribe, to permit, by such amendments, the presentation of new and additional claims which might have been made in the original protest *as to the merchandise covered by that protest?* We think that that was the purpose of the Congress, and that any other construction of the provisions in question would make them practically inoperable.

Since the *Macksoud* case, *supra,* Division One of this court, in *Redfern* v. *United States,* T. D. 49390, had before it practically the identical issue as in the present case. The original protest claimed the imported merchandise to be "entitled to a reduction of 20 per centum of the rates of duty or tax provided by law or to the benefit of such reduced rate as is specified in any treaty or trade agreement," and the proposed amendment sought to claim certain wool steamer rugs that had been assessed at 30 cents per pound and 36 per centum ad valorem were dutiable under paragraph 1120 at only 50 per centum ad valorem. That motion was granted by said division on authority of the *Macksoud* case, *supra.*

From this it is evident that the objection of the Government to the proposed amendments herein is not based on the ground that this

court has not the right, within its discretion, to grant such amendments, but that such amendments should not be allowed for the reason, as the Government argues in its brief, that thousands of protests are on file making the same blank claim, and that it would be an abuse of discretion to grant amendments thereof at this late date.

The protests here in question were filed in the years 1935 and 1936, and there is no showing or evidence herein whatever that the said protests at the time of their filing did not raise a real legal issue, or that they were not filed in good faith, or that there was any deliberate intent or attempt on the part of the plaintiffs to circumvent the law or the spirit of the law.

On the record and on authority of the decisions cited, *supra*, the motions of counsel for the plaintiffs to amend the protests in the manner hereinbefore set forth are hereby granted, with an exception to such ruling reserved to the Government. Note also our recent decision in *Max Sandherr, Inc.* v. *United States*, C. D. 356.

### DISSENTING OPINION

Tilson, Judge: These original protests can be construed as nothing more nor less than an objection to the action of the collector in refusing to grant or allow a 20 per centum reduction of the rates of duty assessed on all dutiable merchandise covered by the entries in these cases. This refusal of the collector to grant or allow a 20 per centum reduction of the rates of duty on all dutiable merchandise is the only action of the collector concerning which any objection or complaint is made in these original protests, and this one act of the collector, and this one act alone, constitutes the plaintiffs' cause of action. As a means of relief, the plaintiffs claim that they are entitled to a reduction of 20 per centum of the rates of duty or tax by virtue of treaty or trade agreement with the country of exportation or section 350 of the Tariff Act of 1930.

The original objection, that the collector erred in refusing to grant a 20 per centum reduction of the rates of duty assessed on all dutiable merchandise, is a far cry from the objection now sought to be raised and injected by way of amendment, that the collector erred in assessing duty at 12 cents per square foot on cocoa fiber mats under paragraph 1022 of the Tariff Act of 1930, as amended. Had the original protest objected to the action of the collector in assessing duty on the cocoa fiber mats at 12 cents per square foot under said paragraph 1022, then this court could now properly grant the motion to amend such a protest to claim the same to be dutiable at 90 per centum under paragraph 1529 of said act, as to protest 765132–G. The same principles and reasoning would apply with equal force to the other protests.

It is my opinion that the motions to amend the original protests, if granted, simply graft on to the original protests distinctly new and separate causes of action, and, not having been made within 60 days after liquidation of the entries, this court has no discretion or power to grant the same.

For the reasons stated in my dissenting opinion in *Macksoud Importing Co.* v. *United States*, T. D. 48442, which I hereby adopt as a part of my dissenting opinion herein, I decline to join in the action of my associates in granting the motions to amend the instant protests.