No. 46914.—Protests 860601–G, etc., of Butler & Co. et al. (New York).

KINCHELOE, Judge: It appears from the endorsements on the back of the protest jackets, with the exception of protest 919225–G, that when these protests were on the first calendar call, June 15, 1938, the protests were dismissed on motion of Government counsel as to the claim against so-called compensating taxes under the Agricultural Adjustment Act, but said motion was denied as to any other issue raised by the protests, which order was dated December 18, 1938, and filed with protest 860583–G. Thereafter, on December 11, 1940, the protests were suspended under Suit 4316 as to the claim contained in said protests under the Cuban Trade Agreement. On October 16, 1941, the protests were then continued to the December term and upon the call of the calendar at New York December 10, 1941, motions were filed in all of these protests by the plaintiffs to amend the protests by making the following further claim:

We further claim that the merchandise assessed at 10¢ per lb. under par. 924 does not contain any cotton having a staple therein of 1⅛ inches or more in length—therefore said merchandise is not subject to the additional duty of 10¢ per lb. assessed under par. 924 of the Tariff Act of 1930, or, if subject to such additional duty, duty should be assessed only on the weight of the cotton contained therein (in the condition as imported) having a staple of 1⅛ inches or more in length, exclusive of the weight of the sizing, filling, or other extraneous materials.

Counsel for the Government has objected to said motions for amendment at this time, on the ground that the cases were called for trial when the protests were originally dismissed as to said A. A. A. claim, and then suspended, and that it is now too late to amend said protests under rule 9 (2) of this court, which, so far as pertinent, reads as follows:

If the plaintiff desires to amend his protest, appeal or application for review, as provided in section 518 of the Tariff Act of 1930, he may do so by filing with the judge presiding a motion in writing setting forth the proposed amendment at any time before the case is called for trial.

Each division of this court has a calendar call for all the cases on the docket at each term, and, immediately upon its convening. This calendar call is made for the purpose of ascertaining what cases are to be continued, suspended, or abandoned, and what cases are ready for trial. During such calendar call all cases which are announced as ready for trial are laid aside by the calendar clerk until said call is completed. Then the cases so laid aside are again called for actual trial in their regular order. This is the calling of cases for trial.

The only action that has ever been taken in the instant cases by the court, except suspensions and continuances, was to grant motions of the defendant, made during the calendar call, to dismiss the claim in the protests as to the A. A. A. assessment. Therefore these cases have never been called for trial, but merely suspended or continued as to the remaining claim or claims left in the protests. The granting of a simple motion to dismiss one of the claims in the protests made by the attorney for the Government during the calendar call, and the suspension of the protests as to the other claims made in the protests, certainly do not constitute a call for trial within the purview of rule 9 (2) of this court. If this were true, then every protest on a calendar call in which this court had made any order—even an order of continuance—would thereupon become a case which had been called for trial. Obviously, this would make rule 9 (2) of this court a nullity.

The attorney for the defendant in his brief calls attention to the form of the notice of trial. The notice of trial sent out by the clerk of the court has no

legal effect in determining when a case is called for trial as set forth in said rule 9 (2). It is possible that all the cases called on the docket may again be called for actual trial, should both sides announce that they are ready. But if they do not, then all the cases which were called on the calendar, and which were continued or suspended, have not been called for trial.

The objection of the Government to the amendment of the protests herein in the manner stated is therefore overruled, and the motions of the plaintiffs for the amendment of said protests are hereby granted, with an exception to the defendant. (Note *William Goodacre & Sons et al.* v. *United States*, 5 Cust. Ct., 82, C. D. 374.)

### DISSENTING OPINION

TILSON, Judge: I am in agreement with my associates regarding the docket call, but in my opinion, the motions to amend, if granted, simply graft on to the original protests distinctly new and separate causes of action. Therefore, for the reasons stated in my dissenting opinion in *Macksoud* v. *United States*, T. D. 48442, which I hereby adopt as a part of my dissenting opinion herein, I decline to join in the action of my associates in granting the motions to amend the instant protests.