BEFORE THE SECOND DIVISION, DECEMBER 14, 1944

**No. 49868.**—Protest 800468–G of Foxboro Co. (Boston).

KINCHELOE, Judge: This suit has reference to an importation of merchandise invoiced as "1,000 iron bottles of quicksilver," from Spain. The net weight of quicksilver in each bottle is given as 34.5 kilos, and the gross weight as 40 kilos. The quicksilver in the bottles was assessed for duty under the specific provision therefor in paragraph 386, Tariff Act of 1930, at the rate of 25 cents per pound, and the iron containers were assessed for duty separately under paragraph 397 of said act, as manufactures of metal, not specially provided for, at the rate of 45 percent ad valorem.

The protest as originally filed claimed that the imported merchandise is entitled to the same reduced rate of duty as specified in any treaty or trade agreement with the country of exportation or any other. The protest was thereafter amended as to the merchandise assessed at 45 percent ad valorem under paragraph 397, so as to claim it dutiable at 25 percent ad valorem under paragraph 328, as cylindrical and tubular tanks or vessels of the kind therein provided. The protest was thereafter again amended as to the latter merchandise so as to claim it free of duty as the usual containers of specific duty merchandise.

Paragraph 386 under which the quicksilver was assessed reads, as follows:

PAR. 386. Quicksilver, 25 cents per pound: *Provided,* That the flasks, bottles, or other vessels in which quicksilver is imported shall be subject to the same rate of duty as they would be subjected to if imported empty.

The assessment of duty on the quicksilver is not disputed by plaintiff, the only claim relied on being that the iron containers of the merchandise are more properly dutiable under paragraph 328, by virtue of the proviso to paragraph 386, than under paragraph 397, as assessed. We quote from said paragraph 328, so far as seems relevant, as follows:

PAR. 328. * * * cylindrical and tubular tanks or vessels, for holding gas, liquids, or other material, whether full or empty; welded cylindrical furnaces, tubes and flues made from plate metal, whether corrugated, ribbed, or otherwise reinforced against collapsing pressure, and all other finished or unfinished iron or steel tubes not specially provided for, 25 per centum ad valorem; * * *.

A representative sample of the containers in question was introduced in evidence and marked exhibit 1.

The witness connected with the importing company since 1920 testified that they have imported other shipments of quicksilver during that time and that the type of flask was always the same; that the flasks are made of low carbon steel; that on account of the weight of the contents, namely, 76 pounds of metal liquid, glass or earthenware flasks would not be strong enough.

The defendant called the examiner at the port of Boston as a witness. He testified that he advisorily classified the merchandise in question, and that he has passed on other importations of very similar containers, except with slight differences in the neck, top, and finish.

An inspection of exhibit 1 shows it to consist of a heavy iron container measuring on the outside about 14 inches high, 5 inches wide, with a turned-in bottom, and

with a flanged neck into which fits an iron screw plug as a stopper. It also is cylindrical or tubular in shape.

Webster's New International Dictionary, 1936, defines the word "flask" as follows:

*flask n. 2. a* A small bottle-shaped vessel for holding fluids, esp. one with a broad and flat body; as, a *flask* of oil or wine. *b* The standard iron container in which mercury is sold, holding either 34.5 kg. or 75 or 76 lb. of mercury.

The containers of the mercury or quicksilver here in issue are undoubtedly of the precise character as above described, according to the invoice.

The definition of the word "vessel" by the same authority is given as follows:

*vessel n. 1.* A hollow or concave utensil for holding anything; a hollow receptacle of any kind, often circular in form, as a hogshead, barrel, firkin, bottle, kettle, cup, bowl, etc.

We think the said containers are also undoubtedly "vessels" within the foregoing dictionary definition, and as they are used for holding quicksilver, which is a metal liquid, we think they properly come within the purview of paragraph 328, as cylindrical or tubular tanks or vessels for holding gas, liquids, or other material, which provision is clearly more specific than that for manufactures of metal, not specially provided for, as assessed. This claim of the plaintiff is therefore sustained, but is overruled in all other respects.

Judgment will be rendered accordingly.

### CONCURRING OPINION

TILSON, Judge: The motion to amend in this case raises the same point as was raised by the motion to amend in *William Goodacre* v. *United States*, 5 Cust. Ct. 82, C. D. 374, to the granting of which I filed a dissenting opinion. The reasons stated in that dissenting opinion are equally applicable to the motion to amend in this case, which I hereby adopt as my reasons for refusing to join in granting the motion to amend herein. However, since my associates have granted the motion to amend, and since the plaintiff has established its right to a refund under the amendment, I join with my associates in granting the relief under said amendment, leaving the error which I consider my associates committed in granting the amendment open to correction by appeal.

LAWRENCE, J., not participating.